## T. M. BELL *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD CO.

STATUTE OF LIMITATIONS.    *Personal injuries.    Railroads.*

> Section 2673, code 1880, requiring actions for "assault, battery, maiming, false imprisonment, malicious arrest," etc., to be brought within one year, does not apply to actions against railroad companies for personal injuries.

FROM the circuit court of Marshall county.

HON. JAMES T. FANT, Judge.

On May 9, 1889, appellant instituted this action against the appellee, alleging that on May 5, 1888, plaintiff was loading his wagon with freight at the depot of defendant, when the servants of the company, "unnecessarily, negligently, and wilfully," suddenly discharged steam from an engine and sounded the whistle, causing plaintiff's team to take fright and run away, throwing him from the wagon, whereby his hip was broken and he was otherwise injured.

Defendant pleaded that the action was barred under § 2673, code 1880, which requires actions for "assault, battery, maiming, false imprisonment, malicious arrest," etc., to be brought within one year.    Plaintiff demurred on the ground that this statute was not applicable, claiming that the action could be brought at any time within six years.    The demurrer was overruled, and, plaintiff declining to plead further, judgment was entered against him, from which he appeals.

*Strickland & Bates,* for appellant.

1. Section 2673 of the code has no application to this case.    The injuries complained of cannot be regarded as the result of an "assault, battery, or maiming."    Maiming is synonymous with mayhem, and is used in its technical common-law sense in this statute.

2. Section 1510 of the code is not applicable, because that section relates only to actions for injuries causing death.    It governs when the suit is brought by the surviving husband, wife, parent or child, and has no application to a suit by the personal representa-

tive on a cause of action which survives.   *Railroad Co.* v. *Phillips,* 64 Miss. 703.

3. An action of this character may be brought within six years. Code 1880, § 2669.

*J. W. Buchanan, R. S. Stith,* and *Wallace Pratt,* for appellee.

1. To maim is to mutilate, disfigure, or destroy any limb or member.   Code 1880, § 2920.

Criminal intent is necessary to constitute mayhem ; but it is not essential to plaintiff's right to recover in a civil action, wherein damages are allowed for injuries arising either out of a criminal act or *mere negligence.*   The statute bars the civil action without reference to motive.   Code 1880, § 2673.

If the injuries described amounted to maiming, the action is barred in one year under this section, and it is immaterial that the word maiming is not used in the declaration.   This statute relates exclusively to the limitation of civil actions, and it is manifest that the word maiming therein is not used in a technical sense, but in its ordinary acceptation.   Webster says it means to " deprive of the use of a limb so as to render a person less able to defend himself in fights or to annoy his adversary."   If this is substantially what the declaration avers, then this is an action for maiming, whether called trespass or case.

This view is strengthened and made conclusive by reference to § 1510 of the code, which provides a remedy in case of injuries resulting in death, and limits the action to one year.   It is incredible that the legislature should allow an injured party six years to bring his action, and yet, if ·death results, limit the action to one year, and this, too, without any exception in favor of minors.   Why such an absurd and unjust difference ?

2. If the act which caused the injuries was wilfully and maliciously done, as alleged in the declaration—that is, intentionally, and with a view to the consequences which resulted to the plaintiff —this would make the person committing the act guilty of the crime of mayhem.   This would bring the case within the most technical construction that could be placed upon § 2673.

3. There can be no question but that the limitation of one year would apply to an action for an assault and battery brought against one of the employés of the company for the wilful and mischievous conduct complained of. In order to recover, it would be necessary to show criminal conduct. No matter what may be the views of the court as to the applicability of the statute of limitations contained in this section to all actions of personal injury, in the case at bar there can be no question.

WOODS, C. J., delivered the opinion of the court.

Section 2673, code of 1880, which requires actions for assault, battery, maiming, false imprisonment, malicious arrest, etc., to be commenced within one year next after the cause of action accrued, has no applicability to the case presented in the declaration herein. The statute was never designed to regulate the institution of suits against railroad companies for personal injuries committed by them, nor do we see how it can ever be successfully invoked until such time as these corporations can commit assaults, batteries, mayhem and like offenses.

*Reversed and remanded.*