JONES *v.* ALDEN MILLS *et al.*\*

(Division A. March 26, 1928. Suggestion of Error Overruled April 23, 1928.)

[116 So. 438. No. 26916.]

\*Corpus Juris-Cyc. References: Limitations of Actions 37CJ, p. 776, n. 92; Master and Servant, 39CJ, p. 1361, n. 5.

*Williamson & Clayton,* for appellant.

*Bozeman & Cameron* and *Amis & Dunn,* for appellees.

98

Argued orally by *W. L. Clayton* and *Nate S. Williamson,* for appellant, and *Ben F. Cameron,* for appellees.

Cook, J. The appellant, Bernard M. Jones, instituted this suit in the circuit court of Lauderdale county against the Alden Mills and Mayfield Burroughs, an employee of the Alden Mills, seeking to recover damages for personal injuries alleged to have been sustained as a result of an assault and battery committed by the said Burroughs upon the appellant while he was rightfully upon the premises of the Alden Mills.

The declaration alleged, among other things, that on or about the 26th day of April, 1924, and for a long time prior thereto, the defendant Mayfield Burroughs was employed by the defendant the Alden Mills to work in and about said manufacturing plant; that the defendant Mayfield Burroughs was a person of vicious habits and ungovernable temper; that he had frequent quarrels and personal difficulties with different persons, including employees of said hosiery mill or manufacturing plant, while working in and about said plant; that the said Burroughs used a knife in these personal encounters in an effort to cut and stab his victims; that all of these facts were well known to the defendant, the Alden Mills, on and prior to the date when the said Burroughs cut and stabbed the appellant in said hosiery mill or manufacturing plant; and that, notwithstanding this knowledge on the part of said Alden Mills, it negligently retained and still retains the said Burroughs in its employ.

The declaration further avers: "On or about the said 26th day of April, 1924, and for a long time prior thereto, plaintiff was in the habit of passing through said hosiery mill or manufacturing plant, including the knitting department of same, for the purpose of selling lunches, candies, drinks, and other merchandise by invitation of and under an agreement with the general manager of said hosiery mill or manufacturing plant, to-wit, Mr. K. Palme, during which time the said K. Palme was receiving ten per cent. of the gross income from the gross sales made by the said plaintiff while in said hosiery mill as aforesaid, and while plaintiff was passing through the knitting department of said hosiery mill or manufacturing plant for the aforesaid purpose of selling lunches, candies, drinks, and other merchandise by invitation of said K. Palme, and by virtue of the aforesaid contract with him, and at a time when plaintiff was engaged in selling his wares or merchandise to an employee of the defendant corporation and without any previous warning or knowledge that he was in any danger of being attacked by any person, the said defendant Mayfield Burroughs, who was then and there working for the defendant corporation in the knitting department of its said hosiery mill or manufacturing plant, suddenly pounced upon the plaintiff with an open knife and, without exchange of any words at all with plaintiff on that day, suddenly proceeded to stab and cut plaintiff with said knife in his neck or near the jugular vein on the left side of his neck and on the collar bone, and also stabbed and cut plaintiff in the back and left side at or near his kidneys and lungs to the extent that it required about eighty-two stitches to sew wounds up; that said gashes and stabs were deep" and caused the plaintiff to suffer great physical and mental pain and to be permanently injured in his health and strength.

The declaration further averred that: "One or more of the officials of the defendant corporation knew at the

time and before plaintiff sustained his aforesaid injuries that the said Mayfield Burroughs had participated in the personal encounters referred to, and knew that he was a person who possessed a violent and ungovernable temper, and that he was in the habit of resorting to the use of a knife in personal encounters as above stated in this declaration, and that one or more of said officials knew that the said Mayfield Burroughs intended to attack and cut plaintiff as he did attack and cut him at the aforesaid time and place and actually encouraged him so to do, but that one of said officials who possessed said knowledge talked with plaintiff on the day that he sustained the aforesaid injuries and knife wounds about twenty minutes before he sustained the same at a time when plaintiff was already in said hosiery mill or manufacturing plant for the purpose of selling lunches, merchandise, etc., as above stated, and that said official then and there advised plaintiff that they had given the said Mayfield Burroughs a check with which to pay the plaintiff the indebtedness that was owing to the plaintiff by the said Mayfield Burroughs, and that the said Mayfield Burroughs would hand the check to plaintiff as he passed through said hosiery mill or manufacturing plant; that said official of the Alden Mills then and there knew that the said Mayfield Burroughs had planned or expressed an intention to attack plaintiff and cut him, as aforesaid, but the said official kept said knowledge and information to himself, so far as plaintiff was concerned.''

The declaration then averred that the plaintiff did not have any information of any intention or purpose on the part of the said Burroughs to attack and cut him or to do any act of personal violence to him on the occasion in question, and charged that:

The defendant the Alden Mills ''was negligent in retaining the said Mayfield Burroughs in its employment after having acquired knowledge of his aforesaid vio-

lent temper and vicious disposition and habits with reference to personal encounters, and more especially for having retained the said Mayfield Burroughs in its employment and permitting him to work, and without any restrictions having been placed upon him whatever, on the day that he pounced upon plaintiff and stabbed him and cut him, as aforesaid, after having acquired knowledge of his aforesaid vicious and violent intentions toward plaintiff, knowing that plaintiff would pass through said hosiery mill or manufacturing plant and would be thrown at or near the said Mayfield Burroughs in connection with his custom of selling lunches, wares, and merchandise, as aforesaid; and that the defendant corporation was also guilty of negligence in concealing from plaintiff the knowledge that it had, by and through its official or officials, of the fact that the said Mayfield Burroughs intended to do personal violence to plaintiff at said time and place and in extending to plaintiff an invitation, after having acquired said knowledge, to come into said hosiery mill or manufacturing plant as per his said custom, and in encouraging the said plaintiff to go to or come in contact with the said Mayfield Burroughs at said time and place; that the said defendants became and were and are jointly and severally liable to plaintiff for the aforesaid personal injuries that were and are suffered and sustained by him, and the resulting damages to plaintiff were and are the direct and proximate result of the joint or concurrent negligence of both of the defendants as expressed in this declaration.''

To this declaration the defendants filed a plea of the general issue, and, after the beginning of the trial, by leave of the court, filed a plea setting up that the action was barred by reason of the statute which requires that all actions for assault or assault and battery shall be commenced within one year next after the cause of such action accrued, and not after.

The plaintiff demurred to this special plea on the ground, among others, that the cause of action against the Alden Mills is based primarily upon its negligence in failing to protect the plaintiff as far as it reasonably could from violence by its employee while he was upon its premises as an invitee, and in failing to advise plaintiff of the known danger that awaited him at the hands of its employee upon the day plaintiff was cut, after the defendant corporation knew of such danger and of the threats of personal violence that had been made by the said Burroughs against the plaintiff, and in retaining the said Burroughs in its employment after having acquired knowledge of the fact that he was a man of high and ungovernable temper, and was a quarrelsome and dangerous man, who was likely to severely cut and injure the plaintiff, and that the assault of Burroughs on the plaintiff was a direct result or consequence of this negligence of the defendant corporation, and therefore is controlled by the six-year statute of limitations.

This demurrer to the special plea was overruled, and at the conclusion of the plaintiff's testimony a motion to exclude the same and grant a peremptory instruction in favor of both defendants was sustained, and from the judgment entered in pursuance of this peremptory instruction plaintiff prosecuted this appeal.

The material facts as shown by the testimony offered by the plaintiff are substantially as follows:

Under an arrangement with appellee's general manager, the appellant was permitted to go through the said mill plant twice each day for the purpose of selling lunches, cold drinks, and sundries to the employees of appellee, and for this privilege the appellant was required to pay to the appellee ten per cent. of his gross sales. The defendant Burroughs and the appellant were friends, and Burroughs was indebted to appellant. Two days before the appellant was cut by Burroughs, the general manager and the superintendent of one of the

departments of the appellee the said Alden Mills interviewed the appellant in reference to the purchase of this indebtedness at a discount, and it was agreed that they would purchase the same, provided Burroughs would agree for them to take a portion of it out of his wages each week. The appellant mentioned this agreement to Burroughs, and as a result of the discussion which followed, a fight between them ensued. After this fight they shook hands and apparently became friends again. On the following day the appellant saw Burroughs when he made his rounds through the mill, but nothing occurred to indicate that Burroughs had any intention of renewing the difficulty. The plaintiff testified that while he was making his usual trip through the mill on the following day he met Mr. Goldman, superintendent of several of the departments of the mill, and that Goldman told him he had given Burroughs a check for the amount due the plaintiff, and that Burroughs said he would pay the plaintiff off that morning. When the plaintiff reached the knitting department where Burroughs worked, and while the plaintiff was engaged in making a sale, Burroughs approached him, and without a word or any sort of warning struck him with a knife and seriously cut and injured him.

One witness testified that a short time before the appellant was assaulted, Mr. Goldman, superintendent of the mill, told him that Burroughs had said that:

"If he [the appellant] came through the mill again, he was going to cut his damned head off."

Another witness testified that a few minutes before the assault Goldman told him that:

"He gave Burroughs a check that morning, and if he [the appellant] did not mind he would get his head knocked off."

There was also some testimony tending to show that the general reputation of the said Burroughs for peace or violence was bad.

As to the appellee, the declaration is not one of trespass *vi et armis*, but the gravamen of the cause of action alleged is the negligence of the appellee in retaining in its employment a servant who was known to have a violent temper and vicious disposition and habits, and its negligence in extending an invitation to the appellant to come into said mill plant and encouraging him to come into contact with said employee, while concealing from him the knowledge which it had, through its official, that said employee intended to do personal violence to the appellant, and in failing to warn the appellant of the known danger of a violent assault by said employee. To such a cause of action the six-year statute of limitations applies.

Conceding for the purpose of this decision that the testimony fails to show that the appellee had such knowledge of the vicious propensities of the defendant Burroughs, as would render it liable to the appellant for the assault by such employee by reason of the fact that it retained the said Burroughs in its employ, still we are of the opinion that it was error to grant the peremptory instruction requested by the appellee. While the appellant was not an employee of the appellee, he was, according to the testimony offered by him, an invitee upon the premises, engaged in business with its employees under an agreement or contract in which the appellee had a beneficial interest, and the appellee owed to such invitee the duty of exercising reasonable care to protect him from known dangers. There is testimony tending to show that appellee's superintendent knew that the appellant was in imminent danger of suffering serious bodily injury and harm at the hands of the defendant Burroughs, if he came in contact with the said Burroughs on that occasion, and he not only did not warn the appellant of this imminent danger, but, on the contrary, he gave the appellant information that would lead him to believe that Burroughs desired to settle his indebted-

ness to him, and which would naturally tend to induce the appellant to seek out the said Burroughs for the purpose of collecting the indebtedness. Since the appellee, through its superintendent in charge of the plant, had knowledge of the threatened danger to which the appellant would be subjected if he came in contact with its employee, Burroughs, while passing through said plant, as was his custom under his contract and agreement with the appellee, we think the exercise of reasonable care required this superintendent to warn the appellant of the danger rather than to encourage him to seek out the said Burroughs and thereby incur the risk and danger of great bodily injury; and for such failure of this superintendent to exercise reasonable care to protect the appellant from the threatened and impending danger we think the appellee would be liable. In addition to the testimony showing that the appellee, through its superintendent, had knowledge of the threatened danger to appellant, there was testimony tending to show that the superintendent had sufficient knowledge of the vicious disposition of the said Burroughs to cause him to appreciate the gravity of the danger, and we are of the opinion that the requested peremptory instruction should have been refused.

The judgment of the court below will therefore be reversed, and cause remanded.

*Reversed and remanded.*