STATE, FOR USE OF SMITH *v.* SMITH *et al.*

(Division A.   Jan. 27, 1930.)

[125 So. 825.   No. 28360.]

Mize, Mize & Thompson, of Gulfport, for appellant.

J. W. Cassedy, Jr., of Brookhaven, and Hall & Hall, of Columbia, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This is an action at law in the name of the state, for the use of H. P. Smith, against Arthur J. Smith, a sheriff, and the surety on his official bond, for damages sustained by the usee because of having been shot and wounded by a deputy of the sheriff. The declaration alleges that "said deputy, with gross negligence and carelessness, pointed his pistol at said plaintiff and commanded him to throw up his hands, and while said H. P. Smith was throwing up his hands in obedience to the order of said deputy sheriff, the said deputy sheriff, with gross negligence and carelessness, fired the pistol he had drawn on said H. P. Smith, plaintiff, while acting in the discharge of his duties as deputy sheriff, and the bullet so fired from said pistol by said deputy struck said plaintiff in the leg, and from the bullet wound caused by the discharge of said bullet as aforesaid, plaintiff's leg had to be amputated." The shooting occurred in November, 1926, and this suit was filed more than one year thereafter.

The appellees pleaded the limitation on the time within which certain actions must be brought under section 3102, Code 1906 (Hemingway's 1927 Code, section 2640), which provides that: "All actions for assault, battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after."

The appellant filed a replication to this plea which seems to be in effect nothing more than a demurrer, but the appellees demurred thereto. This demurrer was sustained, and the cause was dismissed. We shall assume for the purpose of the argument, as counsel evidently do, that the declaration charges an assault and battery on, or a maiming of, the appellant by the deputy sheriff. The appellant's contention is that the statute does not apply to suits on an official bond for malfeasance in office; and this is the sole question argued in the briefs of counsel. It will be observed that the causes of action set forth in the statute result from breaches of duties which all persons owe to every other person, and do not cover the breach of a duty specially imposed by law on one for the benefit of another. Under section 4664, Code 1906 (Hemingway's 1927 Code, section 3286), a sheriff is liable on his official bond for the official misconduct of his deputies; and one of the duties imposed by law on a sheriff and his deputies is to exercise due care while making arrests, and not to unnecessarily injure persons arrested. The declaration sets forth not a mere assault and battery, or maiming, but a breach of the sheriff's official duty, the assault and battery, or maiming, being the particular breach thereof; and the cause of action is this breach of the deputy sheriff's official duties. The statute, therefore, does not apply. This holding is in line with Bell v. Railroad Co., 68 Miss. 19, 8 So. 508, wherein this court held that the statute does not apply to actions against a railroad company for the misconduct of its employees. See, also, 37 C. J. 176, and 19 Am. & Eng. Enc. of Law (2 Ed.) 280. Compare Jones v. Alden Mills, 150 Miss. 90, 116 So. 438.

There is another reason why the statute does not here apply, which is that the official bond of a public officer is a contract which the law requires him to execute, by which he and his sureties covenant and agree that he will faithfully discharge all of the duties of his office, which contract is breached by the failure of the officer to

discharge any of his official duties. Lewis v. State, 65 Miss. 468, 4 So. 429. It follows, therefore, that, in the absence of a statute to the contrary, the limitation within which an action must be brought on an official bond is that provided by statute for actions on written contracts. 37 C. J. 782.

Reversed and remanded.