JONES, Justice:
In the Circuit Court of Neshoba County, a judgment for $3,000 was rendered against appellant in favor of appellee for personal injuries alleged to have been sustained in an assault and battery. We reverse and enter judgment for appellant.
The declaration charged that appellee was assaulted on the streets of the City of Philadelphia, Mississippi, by an employee of Sears, Roebuck and Company acting in the scope and course of his employment. We quote from the declaration:
That plaintiff charges that all of his injuries with the attendant damages, as aforesaid, are the direct and proximate result of the unlawful, willful, wrongful and malicious assault and battery of the defendant upon him, as aforesaid, and at a time when plaintiff was upon the public streets of the City of Philadelphia, Mississippi, and was without fault or blame.
Suit was against the employee and his employer, the appellant. The only ground of liability alleged was an assault and battery committed March 28, 1964. Suit was filed April 21, 1965. Both the employee and appellant pleaded in bar the statute of limitations of one year. The court below sustained the plea of the employee, but overruled appellant’s assigning no reason therefor.
The statute involved is Mississippi Code 1942 Annotated section 732 (1956), which provides:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.
Appellant, with its motion, showed that at all times after March. 28, 1964, the date of the occurrence giving rise to the cause of action, it was a foreign corporation, present and doing business within the State of Mississippi and in Neshoba County. It further showed that it had agents and employees in the State and in that county and that it had a designated resident agent for process within the State. The motion showed also appellant was amenable to suit and subject to the processes of the courts of Mississippi and Neshoba County at all times from and after March 28, 1964, until the date of the commencement of appellee’s suit. As a matter of fact, the appellant had been operating in the State continuously for many years prior to the occurrence and until and after the filing of this suit. These facts were not disputed.
The sole question here presented on the statute of limitations is whether our one-year statute of limitations above quoted applies to corporations.
The decision which began the confusion on this issue was rendered in the case of Bell v. Kansas City, Memphis & Birmingham Railroad, 68 Miss. 19, 8 So. 508 (1891). There the appellant sued the railroad alleging that while he was loading his wagon with freight at the defendant’s depot, the servants of the company “unnecessarily, negligently, and wilfully,” suddenly discharged steam from an engine and sounded *206 the whistle, scaring the plaintiff’s team, which ran away, throwing him from the wagon and breaking his hip. The railroad pleaded the above statute which then appeared as Section 2673, Mississippi Code 1880, relying apparently upon the word “maiming.” A demurrer to1 the plea was overruled. The decision of the Court is short and reads as follows:
Section 2673, code of 1880, which requires actions for assault, battery, maiming, false imprisonment, malicious arrest, etc., to be commenced within one year next after the cause of action accrued, has no applicability to the case presented in the declaration herein. The statute was never designed to regulate the institution of suits against railroad companies for personal injuries committed by them, nor do we see how it can ever be successfully invoked until such time as these corporations can commit assaults, batteries, mayhem and like offenses. 68 Miss. at 21, 8 So. at 509.
The last sentence of this decision was unnecessary to a determination of the issue there involved. That suit was based upon negligence. The statute has no reference to a suit for negligence.
Appellee cites Jones v. Alden Mills, 150 Miss. 90, 116 So. 438 (1928). In that case, however, the suit against the corporation was again based upon negligence, it being alleged that the corporation had negligently retained in its employ a servant known to have a violent temper and vicious disposition. It was further charged that the defendant knew that the employee intended to do the plaintiff personal violence and yet the employee was invited and permitted to enter the place of employment. This case is not applicable to the question here involved.
In State ex rel. Smith v. Smith, 156 Miss. 288, 125 So. 825 (1930), the suit was against the official bond of the sheriff. The Court held there that such actions were governed by statutes for actions on written contracts.
The case of Alexander v. Carsley, 199 Miss. 881, 25 So.2d 709 (1946), was against a highway patrolman and the surety on his official bond. The one year statute was held not to apply, but that the law announced in State ex rel. Smith v. Smith, supra, was applicable.
In Illinois Central Railroad v. Wales, 177 Miss. 875, 171 So. 536 (1937), it was held that the one year statute of limitations was applicable to the railroad company, a corporation. That suit was for slander.
The general rule is stated in 34 Am.Jur. Limitation of Actions section 372 (1941) as follows:
Domestic corporations are generally included within the. class of persons who may plead the statute of limitations, and they may, as a general rule, acquire title by adverse possession in the same manner and to the same extent as an individual. Also, while some courts take the view that a foreign corporation is a person “out of the state” within the meaning of the statute of limitations, and therefore cannot avail itself of such statute by way of defense to an action brought against it, the overwhelming weight of authority is that a corporation sued in the courts of a jurisdiction other than that of its origin may plead the bar of the statute of limitations as a defense. On the other hand, a corporation is deemed to be a “person” within the meaning of the statute of limitations, and consequently, the statute ordinarily runs against corporations. It may also be noted that foreign corporations usually come within the meaning of the term “person” as used in a statutory provision that the statute of limitations shall not run against a person while out of the state.
As to corporations incorporated in other states, the rule is further announced in 23 Am.Jur. Foreign Corporations section 116 (1939), which reads in part:
The rule which appears to be supported by the overwhelming weight of authori *207 ty and the sounder reasoning is that notwithstanding a “saving clause” suspending the running of the statute in the case of absence from or nonresidence in the state, a foreign corporation is entitled to the benefit of the statute of limitations if it has placed itself in such a position within the state as to render it amenable to personal service of the process of its courts, and the statute will run in its favor while it remains thus amenable to process.
It is undisputed that the appellant continuously for many years prior to and after the accrual of the cause of action and the filing of the suit had “placed itself in such a position within the state as to render it amenable to personal service of the process of its courts. * * * ” The appellant was entitled to the benefit of the one year statute, and the trial court ■ erred in overruling the appellant’s demurrer.
The cause is, therefore, reversed, plea of the statute of limitations of one year, is sustained, and judgment for appellant is entered here.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and RODGERS, INZER, and SMITH, JJ., concur.