Oscar HARVEY, Plaintiff,

v.

W. A. DUNAWAY, Defendant.

No. GC 78–7–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

July 19, 1978.

N. C. Brewer, Jr., Brewer, Deaton & Evans, Greenwood, Miss., for plaintiff.

Fred C. DeLong, Campbell & DeLong, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice has been submitted on defendant's motion for summary judgment. The court has considered the motion, pleadings, affidavits in support thereof, memoranda of the parties and has reached the conclusion that the motion is well taken and should be sustained.

Defendant pleads the bar of the Mississippi 1-year Statute of Limitation, Miss. Code Ann. § 15–1–35 (1972), which provides:

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

The undisputed facts reflect that, defendant W. A. Dunaway, on December 9, 1975, filed an affidavit in the court of Mrs. Betty Deaton, Justice of the Peace for District Five, Washington County, Mississippi, charging plaintiff with an aggravated assault upon his person; that a warrant for plaintiff's arrest was issued and he was arrested and imprisoned in the county jail for a period of 3 days before making bond, that a preliminary hearing was held on February 5, 1976, before the Justice Court Judge and plaintiff was held to await the action of the grand jury of the county; that the charge was duly submitted to the grand jury which refused to indict him.

Defendant has filed the affidavits of the prosecuting attorneys for the county which state that the prosecution of plaintiff has

been abandoned and he will not be prosecuted on the charge. Plaintiff sues defendant for malicious prosecution and seeks compensatory damages in the sum of $100,000 and punitive damages in the sum of $100,000.

■ The Mississippi Supreme Court has recognized the well established rule that an action for malicious prosecution accrues when the prosecution is abandoned either by the prosecuting attorney or by the complaining witness. *Gandy v. Palmer*, 251 Miss. 398, 169 So.2d 819 (1964). In *Gandy*, the court said:

> The record shows that the criminal proceedings terminated in appellee's favor since the appellants abandoned them. In 34 American Jurisprudence, Malicious Prosecution section 34 (1941) we find this language:
>
> "It has frequently been held that there is a sufficient termination to meet the requirements in this respect in an action for malicious prosecution where the prosecution is abandoned either by the prosecuting attorney or the complaining witness. * * *"

169 So.2d at 826.

This court followed and adopted the *Gandy* rule in *Childers v. Beaver Dam Plantation, Inc.*, 360 F.Supp. 331, 334 (N.D.Miss. 1973).

■ It is, therefore, clear that upon the adjournment of the grand jury in April, 1976, and the abandonment of the prosecution of plaintiff by the prosecuting attorneys, the proceedings had been terminated in his favor and any right of action which he might have had against defendant accrued at that time.

The statute lends itself to no construction other than a suit for malicious prosecution must be brought within 1 year after the right of action accrues otherwise it is barred. Unless plaintiff can bring himself within some judicially recognized exception to its enforcement summary judgment is appropriate.

Plaintiff argues that his action against defendant is governed by *Shaw v. McCor-*

*kle*, 537 F.2d 1289 (5th Cir. 1976); *Goldsmith v. City of Greenwood*, No. GC 74–110–K (N.D.Miss. Oct. 7, 1977); *Alexander v. Carsley*, 199 Miss. 881, 25 So.2d 709 (1946); and *State v. Smith*, 156 Miss. 288, 125 So. 825 (1930).

Plaintiff's reliance on these cases is misplaced. In the action sub judice defendant acted as a private person and not as a police officer. All of the cases upon which plaintiff relies are suits against police officers and the surety on the officers' official bond.

The United States Court of Appeals, speaking through Chief Judge John R. Brown in reversing this court's decision in *Shaw* that the 1-year statute of limitations barred the plaintiff's right of action against several Mississippi State Highway Patrolmen for the violation of his civil rights protected by 42 U.S.C. § 1983 and the surety on their official bond, held that *Smith* and *Alexander, supra*, dictated a holding that the right of action sounded in contract rather than in tort and that the 6-year statute, Miss.Code Ann. § 15–1–49 (1972) and not the 1-year statute, section 15–1–35, applied.

> In his federal civil rights action plaintiff Shaw seeks damages totalling $100,000 against four highway patrolmen and the surety on their official performance bond. Had plaintiff brought an action seeking similar relief—similar damages, similar defendants—in a Mississippi court, that suit would have had to be an action against a public officer and the surety on his bond. In Mississippi such an action is in contract and is governed by the six-year statutory limitation period for written contracts. Miss.Code Ann. § 15–1–49, *supra* note 2; *Alexander v. Carsley, supra*; *State for Use of Smith v. Smith, supra*. We are bound to apply this same six-year limitation period to plaintiff's civil rights action in federal court.

537 F.2d at 1294. (footnotes omitted)

In each case cited by plaintiff to support his position, the plaintiff sued a police officer, and in some instances the surety on the officer's official performance bond, for the

breach of a statutory or contractual duty. These cases hold that the defendants were liable in a contractual sense and not by reason of an intentional tort covered by Section 15–1–35.

For the reasons stated the motion for summary judgment will be sustained and the complaint dismissed with prejudice.

The court will enter the appropriate order.