John Sebron MORRELL,
Plaintiff-Appellant,

v.

The CITY OF PICAYUNE, et al.,
Defendants-Appellees.

No. 82–4153
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1982.

Robert F. Shearman, J. Michael Cumberland, New Orleans, La., for plaintiff-appellant.

M. D. Tate, II, Picayune, Miss., for defendants-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

Appellant sued the City, its police department and various policemen, invoking 42 U.S.C. Section 1983 and asserting deprivation "of his Constitutional right to freedom from physical abuse and intimidation." This was done, he asserts, when in the course of arresting and jailing him two policemen hurled him headfirst into the concrete floor and wall of a cell. The court below concluded that the one-year Mississippi limitations provision governing actions for assault and battery applied. Since the action was filed about thirteen months after the incident complained of, appellant suffered summary judgment on this ground. We reverse.

Long ago, the Mississippi Supreme Court determined that the one-year assault and battery statute does not apply to actions such as this. In a suit brought on similar facts, where a deputy sheriff shot an arrestee, it observed

> It will be observed that the causes of action set forth in the statute result from breaches of duties which all persons owe to every other person, and do not cover the breach of a duty specially imposed by law on one for the benefit of another.... The declaration sets forth not a mere assault and battery, or maiming, but a breach of the sheriff's official duty, the assault and battery, or maiming, being the particular breach thereof; and the cause of action is this breach of the deputy sheriff's official duties. The statute, therefore, does not apply.

*State for the Use of Smith v. Smith,* 156 Miss. 288, 125 So. 825, 826 (1930). We have ourselves recently applied the holdings of

*Smith* in a case very similar to this. *Shaw v. McCorkle,* 537 F.2d 1289 (5th Cir. 1976).

Appellee seeks to distinguish *Smith* and *Shaw,* pointing out that in those cases the bonding company of the policemen sued was also made a party[1] so that the suit might be characterized as one on the bond for breach of official duty. As we noted in *Shaw,* however, the square holding of the Mississippi court in *Smith* is that the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police. 537 F.2d at 1294 n.11. Since it does not, it appears that the six-year catch-all statute controls.[2] This statute includes actions on written contract, and for that reason was applied in *Smith* and *Shaw.* But it also generally governs actions for which no other limitations period is prescribed. For this reason it applies here. The judgment below is VACATED and the cause is REMANDED. It is so

ORDERED.

---

1. As appellant sought to do here by a motion to amend that was denied.

2. Miss.Code Ann. § 15–1–35.