**Joseph C. MATHIS, Plaintiff,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA; Joseph Peters; and Chuck Edwards, Defendants.**

**Civ. A. No. S82–0868(R).**

United States District Court,
S.D. Mississippi, S.D.

March 24, 1983.

Joseph C. Mathis, pro se.

William Roberts Wilson, Jr., Pascagoula, Miss., for defendants.

## OPINION

DAN M. RUSSELL, District Judge.

This matter is before the Court at the present time upon the motion of defendant Joseph Peters for summary judgment; the motion of defendant Chuck Edwards for summary judgment; the motion of defendant Indemnity Insurance Company of North America to dismiss; and the motion of plaintiff Mathis for summary judgment against defendants Edwards and Peters.

### I. *Facts Relevant to the Motions*

Joseph C. Mathis (Mathis) alleged in his complaint, filed December 27, 1982, that on November 12, 1979, he was charged with fraud by Mississippi Power Company. A bond of $250 was set on each of the two counts. Mathis claims that he called the defendant Indemnity Insurance Company of North America (Indemnity) and spoke with the defendant Chuck Edwards (Edwards). Edwards dealt with the plaintiff's bond; the plaintiff paid Edwards $50. No trial date was set. Edwards allegedly told Mathis that the bonding company would notify him of the trial date.

Mathis alleges that on December 3, 1979, he called the clerk of the court in Harrison County and was told that the trial had been set for December 12, 1979.

Mathis further claims that the trial took place as scheduled; that he was present; and that he was convicted with a ninety day suspended sentence and a $124 fine.

On December 22, 1979, Mathis alleges that he was accosted by Edwards while walking on a Gulfport street. He further claims Edwards ordered him to get in his car and threatened him. Edwards allegedly told Mathis he was arresting him for jumping bond. Mathis claims Edwards jumped out of the car with a black jack and a pistol. A Gulfport city policeman intervened and after making inquiry, the officer supposedly told Mathis that the defendant Edwards could arrest him because Edwards was a bail bondsman. Mathis alleges that Edwards took him to the Harrison County jail and requested that the jailer not set bail.

On December 27, 1979, Mathis claims he was told that Peters and Edwards had signed an affidavit for bond jumping against the plaintiff. Supposedly the plaintiff's attorney called Peters to tell him that Mathis had appeared at trial and that Peters was falsely imprisoning him.

The defendants Peters and Edwards came to the Harrison County jail on December 31, 1979, Mathis claims, and signed him out to court. When he asked permission to call his attorney, he was refused. In court, Mathis was sentenced to ninety days for bail jumping. The conviction was overturned on January 17, 1980, and Mathis was released.

In his complaint, the *pro se* plaintiff claims that 42 U.S.C. §§ 1983, 1985 and 1988 authorize his charges of false imprisonment and malicious prosecution. The complaint alleges that the bail bondsmen were acting under color of state law when the arrest occurred and that the suit is brought against the bondsmen and their surety on the performance bond required of bondsmen in Mississippi. Mathis claims the Mississippi six year statute of limitations for written contracts applies in this case.

The basis for the motions for summary by Peters and Edwards and the motion to dismiss by Indemnity is the statute of limitations. The defendants all contend that Mississippi's one year statute applicable to torts applies. The application of this statute would effectively bar suit, since the last act occurred on January 17, 1980, and suit was filed December 27, 1982.

### II. *Statute of Limitations*

In considering claims brought under 42 U.S.C. §§ 1983 and 1985, the federal courts must look to the applicable state statute of limitations as in all cases in

which congress has not provided a federal limitation period. *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914), *Jackson v. Duke*, 259 F.2d 3 (5th Cir.1958).

In the case *sub judice*, this Court must consider two state limitations periods; one which applies to torts [1] and one which is a catch-all limitation period.[2] The latter would be applicable to actions on a written contract.

There are two methods which have been utilized in determining which state statute applies. *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir.1976); *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd in part on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *McGuire v. Baker*, 421 F.2d 895 (5th Cir. 1970). Both methods rely on the leading case, *Beard v. Stephens*, 372 F.2d 685 (5th Cir.1967). However, "both lines of cases concerning the method of selecting the applicable state statute of limitations in fact depend substantially on state law in catego-

rizing the essential nature of the claim presented...." *Shaw*, 537 F.2d at 1293.

### A. The Bond

The plaintiff herein has brought suit on the bond of the defendants for the torts of false imprisonment and malicious prosecution. This Court must determine which statute of limitations period would have been applied if this action had been brought in state court. This situation was encountered in a similar case in *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir.1976). In *Shaw*, the plaintiff brought an action under 42 U.S.C. §§ 1983 and 1985 for injuries received at the hands of highway patrolmen during a beating. The court held that the action against the highway patrolmen and their surety was an action in contract and was governed by the six-year statute of limitations.

The *pro se* plaintiff here has sued both the alleged bail bondsmen and their surety on the bond. The bond applicable is a qualification bond authorized by statute.[3]

1. MISS.CODE ANN. § 15–1–35 (1972) provides: All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

2. MISS.CODE ANN. § 15–1–49 (1972) provides: All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

3. MISS.CODE ANN. § 83–39–7 (1972) provides: Each applicant for professional bondsman who acts as personal surety shall be required to post a qualification bond in the amount of five thousand dollars ($5,000.00) with the department. Any such professional bondsman making application for license renewal, as herein provided, who shall have furnished bail in fifty (50) or more criminal cases shall post such bond in the amount of ten thousand dollars ($10,000.00). The qualification bond provided herein shall be made by depositing with the commissioner the aforesaid amount of cash or bonds of the United States, State of Mississippi, or any agency or subdivision thereof, or shall be written by an insurer as defined in this chapter, shall meet such specifications as may be required and approved by the department. Such bond shall be conditioned upon the full and prompt payment of any bail bond issued by such professional

bondsman into the court ordering such bond forfeited. The bond shall be to the people of the State of Mississippi in favor of any court of this state, whether municipal, justice of the peace, county, circuit, supreme, or other court. In the event that any bond issued by a professional bondsman is declared forfeited and judgment entered thereof by a court of proper jurisdiction and the amount of the bond is not paid within ninety (90) days thereafter, such court shall order the department to declare the qualification bond of such professional bondsman to be forfeited and the license revoked. The department shall then order the surety on the qualification bond to deposit with the court an amount equal to the amount of the bond issued by such professional bondsman and declared forfeited by the court, or the amount of the qualification bond, whichever is the smaller amount. The department shall suspend the license of such professional bondsman until such time as another qualification bond in the required amount is posted with the department. The revocation of the license of the professional bondsman shall also serve to revoke the license of each soliciting agent and runner employed or used by such professional bondsman. In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney's fees, shall be refunded to

Further, these bonded individuals have the power to arrest their principals.[4] The plaintiff alleges that after he had fulfilled his obligation under the bail bond agreement, which was appearing in court for trial, the bail bondsman falsely imprisoned and maliciously prosecuted him for jumping the bond. Although the action is grounded in tort, it springs from the underlying bond agreement between the bail bondsmen and the plaintiff. The contract in essence gave rise to the present court action.

The courts in Mississippi have long recognized that a suit on an *official* bond is governed by the six-year statute of limitations. The supreme court in *State v. Smith*, 156 Miss. 288, 125 So. 825 (1930) held that

> (T)he official bond of a public officer is a contract which the law requires him to execute, by which he and his sureties covenant and agree that he will faithfully discharge all of the duties of his office, which contract is breached by the failure of the officer to discharge any of his official duties. It follows, therefore, that in the absence of a statute to the contrary, the limitation within which an ac-

tion must be brought on an official bond is that provided by statute for actions on written contracts.

156 Miss. at 289, 125 So. at 826. (citation omitted). This pronouncement was reiterated in *Alexander v. Carsley*, 199 Miss. 881, 25 So.2d 709 (1946), in which the supreme court again held that a suit on an official bond was subject to the six-year statute, and has been repeatedly followed by the court. *Sears, Roebuck & Co. v. Ingram*, 206 So.2d 204 (Miss.1968); *Barnett v. National Surety Corp.*, 195 Miss. 528, 15 So.2d 775 (Miss.1943). Although district court decisions have sometimes failed to adhere to this doctrine, *Boydstun v. Perry*, 359 F.Supp. 48 (N.D.Miss.1973); *Ballard v. Taylor*, 358 F.Supp. 409 (N.D. Miss.1973); recently the court of appeals followed and adopted the law of Mississippi in such a case. *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir.1976).

These cases are distinguishable, however, because they each depend on the existence of an official bond. The officials dealt with in these cases had bonds payable to the state,[5] and are specifically required by statute to have such bonds.[6] A bail bondsman is not one of these officials.

the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, or proof made of incarceration of the defendant in another jurisdiction, and that "hold order" has been placed upon said defendant for return of said defendant to said sheriff upon release from the other jurisdiction, then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court's discretion to be just and proper. A bail bondsman licensed under this chapter shall have a right to apply for and obtain from the proper court an extension of time delaying a final judgment of forfeiture if such bail bondsman can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named is lawfully in custody outside the State of Mississippi.

4. MISS.CODE ANN. § 99–5–27 (1972) provides: Bail may, at any time before final judgment, surrender their principal, in vacation to the sheriff, or in open court, in discharge of their liability; but if this be done after forfeiture of

the bond or recognizance, the breach of the bond or recognizance must be satisfactorily excused before the court, and all costs be paid by the bail, and such part of the bond or recognizance as the court orders. Upon surrender, the sheriff in vacation, and the court in term-time, may discharge the prisoner on his giving new bail, but if he does not give new bail, he shall be detained in jail. Bail may arrest their principal anywhere or authorize another to do so.

5. MISS.CODE ANN. § 25–1–17 (1972) provides: The bonds of all public officers shall be made payable to the state, and shall be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof. Such bonds shall not be void on the first recovery, but may be put in suit from time to time by any party injured by the breach thereof, until the whole penalty shall be recovered.
In the instant case, the bond was made payable to the department of insurance. MISS.CODE ANN. § 83–39–1(a) and § 83–39–7.

6. MISS.CODE ANN. § 25–1–31 (1972) stated in pertinent part:
All bonds required by law to be made by all justices of the peace, constables, and members

### B. Tort and Contract Theories

Although these decisions are distinguishable, they provide a point of inception in our present search for the appropriate statute of limitations here. Each case involves an intentional tort in which suit was ultimately brought on the underlying contract with its six-year limitation statute. In that respect, they are comparable with the case *sub judice.*

The supreme court held in *Smith,* 125 So. at 826, that "the causes of action set forth in the statute[7] result from breaches of duties which all persons owe to every other person, and do not cover the breach of a duty specially imposed by law on one for the benefit of another." (footnote added). Recently the Fifth Circuit followed this reasoning in *Morrell v. City of Picayune,* 690 F.2d 469 (5th Cir.1982). In *Morrell,* the court cited *Shaw* and *Smith* as holding that "the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police." *Morrell,* 690 F.2d at 437.

In *Morrell,* the appellant brought suit under 42 U.S.C. § 1983 against a city, its police department and various policemen "asserting deprivation of his constitutional right to freedom from physical abuse and intimidation." The district court had found that the "one-year Mississippi limitations provision governing actions for assault and battery applied." Since *Smith* held that the intentional torts statute applied only to duties which all persons owe every other person, the circuit court found that it could not apply. In arriving at a conclusion that the six-year statute applied, the court held that the "statute includes actions on written contract, and for that reason was applied in *Smith* and *Shaw.* But it also generally governs actions for which no other

limitation period is prescribed. For that reason it applies here." *Morrell,* 690 F.2d at 437.

The situation before this court is, in some respects, the same. If the intentional tort limitation statute applies only to ordinary duties between ordinary people, then it cannot be used here. A bail bondsman is a bonded professional with limited powers of arrest.[8] If, in the course of an alleged wrongful arrest and detention, a bail bondsman falsely imprisons and maliciously prosecutes an individual, then it is not an ordinary duty which has been breached. The bail bondsman is not acting with the powers of an ordinary citizen. He is proceeding under the statutory power to arrest granted him incident to his license as a professional. Therefore, the one-year intentional torts limitation period cannot be applied. Lending credence to this conclusion is the fact that the arrest arose incident to the bond agreement. Mathis paid Edwards fifty ($50) dollars for his bail bond. Edwards was acting incident to that agreement, or contract. As a result, under no circumstances may the one-year statute be relied upon here.

The court in *Morrell* held that the six-year limitations period "governs actions for which no other limitations period is prescribed." Such is the case *sub judice,* and the six-year limitations period will be applied.

### *Disposition of the Motions*

■ Three of the motions before this Court may be disposed of based on the finding of the appropriate limitations statute. The defendants Edwards and Peters have filed separate motions for summary and rely on one brief and its supplement.

---

of boards of supervisors, county superintendents of education, sheriffs, tax collectors, chancery and circuit clerks, and their deputies shall be made in a surety company, authorized to do business in this state. The premiums on said bonds ... shall be paid out of the treasury of the respective counties....
This listing includes the officials dealt with in the cases which discuss a suit on an official bond.

7. MISS.CODE ANN. § 15–1–35 (1972).

8. Such statutes, allowing bail to arrest a principal anywhere are reminiscent of the common law. *Cartee v. State,* 162 Miss. 263, 139 So. 618 (1932); MISS.CODE ANN. § 99–5–27 (1972).

These defendants have based their arguments on the statute of limitations. Reliance is placed primarily on *Bogard v. Cook*, 586 F.2d 399 (5th Cir.1978). This reliance is misplaced. The *Bogard* case had no underlying contract issue as does the instant case. A prisoner at Parchman who had been rendered a permanent paraplegic during his incarceration brought suit under 42 U.S.C. § 1983 for activities akin to assault and maiming. The Fifth Circuit applied the one-year statute but held the statute tolled by a statute applicable to prisoners. The case is not on point with the present circumstances.

A motion for summary judgment "may be granted only where 'there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.'" *Gulf Mississippi Marine Corp. v. George Engine Co.*, 697 F.2d 668 (5th Cir.1983) *quoting* Fed.R.Civ.P. 56(c). In reaching a determination on such a motion, "all factual showings and the inferences therefrom must be viewed most favorably to the opposing party, and all reasonable doubts about the facts resolved in his favor." *Gulf Mississippi*, 697 F.2d at 2417; *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026 (5th Cir.1982). It is not the court's function to reach a resolution of factual issues, but merely to determine that they exist. *Benton Volvo-Metairie, Inc. v. Volvo*, 479 F.2d 135 (5th Cir.1973).

The defendants Peters and Edwards have moved for summary on the basis of the statute of limitations. This Court finds that the action is not time-barred and that there are in existence factual issues relating to the circumstances of the bail bond itself, the arrest and the imprisonment. The motions for summary by defendants Edwards and Peters will be denied.

█ The defendant Indemnity is before this Court on a motion to dismiss for failure to state a claim upon which relief can be granted. Indemnity bases its motion on the running of the statute of limitations. In considering a Rule 12(b)(6) motion, the court must accept all facts well pleaded in the complaint as true and inspect them in the light most favorable to the plaintiff. *Carpenters Local U. No. 1846 v. Pratt-Farnsworth*, 690 F.2d 489, 500 (5th Cir. 1982); *Dike v. School Board*, 650 F.2d 783, 784 (5th Cir.1981). The action may not be dismissed "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A J. Moore and J. Lucas, *Moore's Federal Practice*, ¶ 12.08 (2d ed. 1982); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Since this Court finds that the action is not time-barred, the defendant has not met his burden, and the motion to dismiss will be denied.

The fourth and final motion is the plaintiff's motion for summary against defendants Edwards and Peters. The plaintiff's contention is that Edwards and Peters failed to answer the complaint. This Court's records indicate that such answer was filed by the defendants; therefore, the plaintiff's motion for summary is without merit and should be denied.

### Conclusion

In brief, each of the four motions before the Court should be and hereby is denied. This includes the motions for summary judgment by defendants Edwards and Peters and by plaintiff and the motion to dismiss by defendant Indemnity.

An order in accordance with the opinion of this Court shall be submitted as provided by the local rules.