**William SIMONS, Plaintiff,**

v.

**The CITY OF COLUMBUS, et al., Defendants.**

**No. EC83–252–NB–D.**

United States District Court,
N.D. Mississippi, E.D.

Aug. 29, 1984.

Robert C. Stovall, Jr., Columbus, Miss., for plaintiff.

J. Gordon Flowers, Richard H. Spann, Columbus, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The plaintiff, William Simons, brought this suit under 42 U.S.C. § 1983 (1981) and the Fourteenth Amendment to the United States Constitution, naming Roy Myers, a Columbus, Mississippi police officer, Charlie Watkins, Chief of the Columbus Police Department, the City of Columbus (City), and Fidelity and Deposit Company of Maryland (F & D), as defendants, and seeking monetary damages for the deprivation of constitutional rights. F & D has filed a motion to dismiss, or in the alternative, a motion for summary judgment, and Roy Myers, Charlie Watkins, and the City collectively have filed a motion to dismiss. For the sake of judicial economy the court will address all of the defendants' motions in one opinion.

On June 22, 1977, the plaintiff, Simons, traveled from his home in Louisville, Kentucky to Columbus, Mississippi for the purpose of participating in his brother's wedding and attending a family reunion. That afternoon Simons arrived at his father's house at 810 North 21st Street in Columbus and parked his car across the street from his father's residence. Shortly thereafter, a neighbor requested the Columbus Police Department to move Simons' car. Pursuant to this request, Officer Roy Myers proceeded to North 21st Street and, upon finding that the car in question belonged to Simons, approached the home of Simons' father and demanded that Simons move his car. When Simons refused, Officer Myers allegedly cursed Simons and placed him under arrest. Subsequently, a garboil ensued during which Officer Myers allegedly smashed Simons' glasses and beat him about the knees, head and testicles with a black-jack. Simons was finally taken to the police station where he was charged with public profanity, simple assault, and resisting arrest. After he was released on bail, Simons was treated at the Golden Triangle Regional Medical Center in Columbus for beatings on the head, thigh, and groin. Eventually, all charges against Simons were dismissed because they were unsupported by the evidence.

Simons contends that Officer Myers violated his right to peaceful assembly, his right to be free of unnecessary force, and his right not to be cursed and humiliated in front of his children and relatives. Simons also asserts that the City of Columbus and its police department had a custom, not supported by any ordinance or statute, whereby people who owned property along the street could request the police to move cars lawfully parked adjacent to the own-

er's property. Simons contends that since Officer Myers acted pursuant to this custom in approaching the Simons' home the Chief of Police and the City are liable along with Officer Myers. *See Monell v. New York City Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

■ In support of their motion for summary judgment, defendants Myers, Watkins, and the City claim that the plaintiff's action is time barred by Mississippi's one-year statute of limitations covering intentional torts. Miss.Code Ann. § 15–1–35 (1972). Simons, however, maintains that Mississippi's six-year statute of limitations, Miss.Code Ann. § 15–1–49 (1972), is controlling.

Because there is no federally created statute of limitations specifically governing § 1983 actions, federal courts must "borrow" the state statute of limitations governing analogous causes of action. *Suthoff v. Yazoo City Industrial Development Corp.* 722 F.2d 133, 135 (5th Cir. 1983). Our analysis of this point begins with *State ex rel. Smith v. Smith,* 156 Miss. 288, 125 So. 825 (1930). In *Smith* a deputy sheriff and his bonding company were sued because the deputy had shot the plaintiff in the leg. Because the action had been brought more than one year after the alleged shooting, the defendant interposed the one-year statute of limitations as a defense. The court in *Smith* reasoned that those torts which result from breaches of duties which all persons owe to every other person are within the terms of the one-year statute, while those torts which result from the breach of a duty specifically imposed by law for the benefit of another are not. In holding that the plaintiff's action was not time barred by the one-year statute of limitations, the court stated:

> The declaration sets forth not a mere assault and battery or maiming, but a breach of the sheriff's official duty, the assault and battery or maiming being the particular breach thereof; and the cause of action is this breach of the deputy

sheriff's official duties. The statute, therefore, does not apply.

*Id.,* 125 So. at 826.

In *Shaw v. McCorkle,* 537 F.2d 1289, 1293–95 (5th Cir.1976), the court relied on the reasoning in *Smith* to hold that a § 1983 action brought against four highway patrolmen and their bonding company was not barred by Mississippi's one-year statute of limitations governing intentional torts. The defendants in *Shaw* had allegedly abused, beat, and shot at the plaintiff. The court reasoned that since the defendants had allegedly breached an official duty, and since the suit was for the breach of an official bond, Mississippi's general six-year statute of limitations was controlling. *Id.* at 1295.

Finally, in *Morrell v. City of Picayune,* 690 F.2d 469, 470 (5th Cir.1982), the court flatly stated that "the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police." In light of the authorities cited above, this court finds that the plaintiff's action is not time barred by Mississippi's one-year statute of limitations governing intentional torts.

Defendants Myers, Watkins, and the City also allege that the deprivations suffered by Simons do not rise to the level of a "constitutional tort." As the Court stated in *Baker v. McCollan,* 443 U.S. 137, 138, 99 S.Ct. 2689, 2691, 61 L.Ed.2d 433 (1979):

> The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the constitution and laws.' ... Section 1983 imposes liability for violations of rights protected by the constitution not for violations of duties of care arising out of tort law.

Every tort committed by a state official is not actionable under § 1983. *Woodward v. Los Frenos Independent School District,* 732 F.2d 1243, 1244 (5th Cir.1984). In order for the conduct to constitute a deprivation of due process under the fourteenth amendment—and thus an actionable tort under § 1983—it must be "brutal" and "shock the conscience." *Johnson v. Glick,* 481 F.2d 1028, 1032–33 (2nd Cir.), *cert.*

*denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Thus, this court must determine whether, as a matter of law, Officer Myers' actions were not so grievous as to transcend the interests protected by state tort law and to implicate Simons' due process rights secured by the fourteenth amendment. The court is guided in this inquiry by the standard that was enunciated in *Hamilton v. Chaffin*, 506 F.2d 904, 909 (5th Cir.1975):

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

This standard necessarily involves a case by case balancing of the need for force against the amount of force used. *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981). For example, in *Ware v. Reed*, 709 F.2d 345, 351–52 n. 11 (5th Cir.1983), it was suggested that the courts show more deference to law enforcement officials when they are dealing with prisoners or dangerous, fleeing suspects than when law enforcement officials deal with ordinary citizens.

■ In the instant case, the relevant facts are as follows. Officer Myers was called to the scene to alleviate a parking problem, and evidently some harsh words were exchanged between Officer Myers and Simons over the parking situation. Officer Myers severely beat Simons and then took him to the Columbus Police Station where he was charged with three relatively minor offenses which were later dismissed as unsupported by the evidence. There are no allegations that Simons ever constituted a threat or danger to Officer Myers. After weighing the need for force against the force used, as mandated by *Hamilton*, this court is unwilling to hold as a matter of law that the force expended by Officer Myers in this situation was reasonable or

necessary. Accordingly, the motion for summary judgment as it pertains to Officer Myers is not well taken and should be denied.

■ In *Monell*, 436 U.S. at 692, 98 S.Ct. at 2036, the United States Supreme Court held that a municipality may be liable under § 1983 where there is a pervasive custom or official policy which "causes" a municipal employee acting under color of this policy to violate another's constitutional rights. Respondeat superior may not be the basis for municipal liability. 436 U.S. at 690–95, 98 S.Ct. at 2035–2038. Thus, before liability may be imposed on a municipality under § 1983 the plaintiff must prove the existence of a custom or policy, and a causal relationship between this custom and the wrongs suffered. In *Bennett v. City of Slidell*, No. 81–3236, slip op. at 4478 (5th Cir. July 9, 1984), the court promulgated the following definition of official policy:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

■ After viewing the pleadings and attached affidavits in this case, this court is unable to conclude as a matter of law that the City of Columbus did not have a custom or official policy of having its police force move cars lawfully parked along residential property. If this were the only issue which this court had to resolve in order to determine the possibility of municipal liability, we would hold that summary judgment was improper. However, without a causal connection between the al-

leged custom or policy and the injuries suffered by Simons, the City and Watkins cannot be held liable under § 1983. *See Webster v. Houston,* No. 81–2007, slip op. at 4464 (5th Cir. July 9, 1984) (Williams, J., dissenting); *Berry v. McLemore,* 670 F.2d 30, 33 (5th Cir.1982); *Crowder v. Jackson,* 527 F.Supp. 1004, 1006 (W.D.Pa.1981). As the Court stated in *Monell,* "[i]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694, 98 S.Ct. at 2037. Officer Myers may have acted pursuant to a custom or official policy when he approached the Simons home, but it would strain the bounds of logic to assert that Officer Myers was enforcing a policy of moving parked cars by beating Simons. Also, Simons was never charged or detained on any parking violation. Rather, it seems that the sole cause of Simons' injuries was the alleged misconduct of Officer Myers. In conclusion, this court is of the opinion that, even if the City did have a custom of moving cars parked adjacent to residential property, the enforcement of this custom was not the cause of Simons' injuries. *See Walters v. City of Ocean Springs,* 626 F.2d 1317, 1323 (5th Cir.1980). Thus, this court is of the opinion that the motion for summary judgment as it pertains to Watkins and the City should be granted.

Fidelity and Deposit Company of Maryland has filed a motion to dismiss, or in the alternative a motion for summary judgment. F & D issued a faithful performance blanket position bond insuring the Columbus Police Department and naming the City of Columbus as obligee. However, F & D claims that it is not liable because of the following exclusion contained in the faithful performance bond:

## EXCLUSIONS

*Section 3* This bond does not cover loss to the insured as a result of:

. . . .

(b) damages for which the insured is legally liable as a result of:

(i) the deprivation or violation of the civil rights of any person by an employee; or

(ii) the tortious conduct of an employee, except conversion of property of other parties held by the insured in any capacity.

The surety shall not be liable under this bond for loss sustained by any party other than the insured as a result of any act or omission of an employee, whether or not such act or omission occurred in the performance of the duties by the employee.

F & D would also have the court take notice of Section 7 of the bond which reads: "... No suit, action or proceeding of any kind to recover on account of loss under this bond may be brought by anyone other than the obligee or the insured."

■ Against the assertion that F & D is not liable under the above exclusions to the bond, Simons first contends that the exclusions may not be supported by adequate consideration. But Simons does not provide this court with any evidence that the City and F & D were not on an equal bargaining basis when they entered into this contract, or that this type of bond insurance is not available without the exclusions from other companies. All that is before this court is the bare allegation that the bond exclusions may be invalid because they are not supported by adequate consideration. While this court must give the party opposing summary judgment the benefit of all reasonably drawn inferences, the mere possibility that a factual dispute exists is an insufficient basis upon which to justify denial of a motion for summary judgment. *Posey v. Skyline Corp.* 702 F.2d 102, 106 (7th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Union Planters National Leasing v. Woods,* 687 F.2d 117, 119 (5th Cir.1982). Accordingly, Simons' contention that the bond contract is not supported by adequate consideration is not well taken.

■ Simons also attacks the validity of the bond exclusions on the ground that they are void as against public policy. In order to declare a contract unenforceable

as contrary to public policy there must be a showing that the contract is prohibited by express terms or fair implication of a statute or judicial decision. *Jackson v. Finley*, 366 F.2d 148, 154 (5th Cir.1966); *Brander v. Nabors*, 443 F.Supp. 764, 772 (N.D. Miss.), *aff'd.*, 579 F.2d 888 (5th Cir.1978). Although the City is empowered to purchase faithful performance insurance for its employees by Miss.Code Ann. § 21–3–5 (1972), it is not required to do so. Moreover, Simons has not presented the court with any statute or state regulation which requires faithful performance bond coverage to cover civil rights violations or intentional torts. In the absence of any express public policy to the contrary, the normal rules of contract interpretation should govern contracts entered into by the City. The court is of the opinion that the contract should be enforced as written. Absent mutual mistake, fraud, or other illegality, the courts do not have the authority to modify, add to, or subtract from the terms of a contract validly executed between two parties. *First National Bank of Vicksburg v. Caruthers*, 443 So.2d 861, 864 (Miss.1983). F & D's motion for summary judgment is well taken and should be granted.

Let an order issue accordingly.