## State *v.* Ricks.

[66 South. 281.]

Attempt to Rob. *Threats. Elements of offense. Code* 1906, *section* 1364.

Where the owner of land wrote a trespasser who entered on his land and cut his timber that if he did not compensate him for the damages he would prosecute him, such owner was not guilty of an attempt to rob under Code 1906, section 1364, providing that any person who shall knowingly send a letter threatening to accuse another of a crime with a view to extort money, shall be guilty of an attempt to rob, since a creditor is entitled to demand payment of an honest debt, and a threat to charge the debtor with an offense committed in connection with the debt or obligation is not within the statute.

Appeal from the circuit court of Sunflower county. Hon. F. E. Everett, Judge.

J. F. Ricks was indicted for the offense of sending a letter with felonious intent of extorting money. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* for appellant.

In the case of *State* v. *Logan,* 104 La. 760, the supreme court of that state construed a similar statute and said that the word "extort" in the statute was used in its ordinary sense as distinguished from the technical meaning of the word, "extort" as so used applies to all persons generally and signifies the taking or obtaining of anything from another by means of illegal compulsion, whether upon a claim of legal right or not. The statute in this state has never been construed by our court as far as I have been able to find, and it seems to me that the reasoning of the Louisiana court is clear and unanswerable.

In the case of *Commonwealth* v. *Coolidge,* 128 Mass. 55, it was held that a party had no right to threaten a party accused or believed to be guilty of crime, in order to collect property believed to have been stolen. In the Massachusetts case the letter reads as follows: Mr. Chopin, if you want to settle with me for what you have stolen from me you may do so by paying me ten dollars. If not, I will put you where you will have a chance to look through the irons. (Signed) H. W. Coolidge."

The Massachusetts statute set out in the opinion is very similar to our own statute and the court held that the party had no right to defend on the theory that he was trying to recover what belonged to him. The statute referred to is in the following language. "Whenever either verbally or by written or printed communication, a person maliciously threatens to accuse another of any crimes or offenses, or by such communication, maliciously threatens an injury to the property or per-

son of another with the intent thereby to extort money or any pecuniary advantage whatever or with intent to compel the person so threatened to do any act against his will it shall be punishable, etc.''

The court in this case said that it is not necessary to the consummation of the offense that the money be absolutely extorted or that the party threatened should be in any manner defrauded or injured. That is not a case of obtaining property by false pretenses, where the gist of the offense is the actual threatening of another. In other words the authorities above quoted hold to the principle that a party cannot threaten any accusation which would deprive a person of his free agency or right to any defense by means of any illegal methods. See, also, the case of *State* v. *Bruce,* 24 Miss. 71. I am aware of the fact that there is authority that holds the contrary. Perhaps the chief case being *Mann* v. *State,* 48 Ohio St. Reports, also reported in 11 L. R. A. 657. It was perhaps this case that influenced the trial judge in sustaining the demurrer to the indictment. In the course of that opinion the court said: ''An honest effort on the part of a creditor to collect a just debt by accusing or threatening to accuse the debtor of a crime with which the debt is connected, or out of which it arose, does not, in our opinion come within the purview of the statute; nor should the statute be construed as covering the case of an owner who demands from the offender a reasonable compensation for property which he has maliciously and criminally destroyed, and accompanies his demand with a threat to accuse the offender of the crime.'' 11 L. R. A. 660.

With due deference to the learned court, I must say that it is hard for me to find how an honest effort to collect a debt can be made by one holding the swords of the criminal law over the head of his debtor and thus compelling him through fear to yield up that which he would not otherwise yield. It would be just as honest to take a double barrel shotgun, draw it on the debtor and

make an honest effort to collect the debt by threatening to shoot his head off. Perhaps if the law would permit creditors to resort to the shotgun method there would be fewer persons owing debts, although widows and orphans might suffer for the necessities of life that the Shylock of the land might "fare sumptuously."' it would be more manly and courageous for the creditor to take the shotgun for it at least would involve some element of risk to himself. He would have to figure on meeting violence with violence. One of the great curses to this country is that the criminal law is constantly being used, not as a system of protecting the public in the blessings of peace and enjoyment flowing from a system of law and order, but rather using it as a means of extorting illegal advantages from an impecunious debtor. I respectfully submit that the court should frown upon such honest methods of collecting debts.

*Chapman & Johnson*, for appellee.

The case of *State* v. *Logan*, 104 La. 760, 29 So. 336, is not in point. In that case the Louisiana court was construing a statute of the state of Louisiana, which is not the same as our statute, and it defines what the term "extort" meant therein, saying that it is the taking or obtaining of anything from another by means of illegal compulsion or oppressive action. The Louisiana statute declares that any person who shall threaten to kill with intent to extort money shall upon conviction be imprisoned but our statute declares that any one threatening to accuse another of a crime with a view or intent to extort money belonging to another shall be guilty of an attempt to rob, thus clearly showing the intent of the legislature and the meaning given by our legislature to the word "extort" in the statute. In our statute the word is given a different meaning from that given it in the Louisiana statute. By the Louisiana statute under the decision cited, to threat to kill, with intent to extort money

under any circumstances, is prohibited, but under our statute it must be a threat with the intent to extort money belonging to another. The next case cited by counsel is *Commonwealth* v. *Goolidge,* 128 Mass. 55. The statute there under consideration is likewise different from ours, in that it absolutely prohibits a person from maliciously threatening to accuse another of any crime, or offense, with the intent to extort money or any pecuniary advantage whatever, or with the intent to compel a person so threatened to do any act against his wish, and it does not limit the extortion, as does our statute, to obtaining the property or money belonging to others, but the word ''extort'' is used in its widest and most comprehensive sense. From the language of the Massachusetts statute, it is clear that one cannot use a threat to make another pay a just debt, since the limitation ''money or property belonging to another'' is not embraced therein. In that case the court held that a threat made by one whose goods had been stolen that he would prosecute the thief, could not be considered as made maliciously unless there were other proofs of malice or intended extortion. We have not a copy of the statute construed in the case of *State* v. *Bruce,* 24 Maine, 71, which was decided in 1844, but from the data before us we gather that the statute is similar in the Massachusetts statute, and prohibits the extortion of property by maliciously threatening to accuse another of an offense, and does not contain the words ''money or property belonging to another,'' as does our statute. The court held that a person whose property had been stolen cannot claim the right to punish the thief himself without process of law, and to make him compensate him for the loss of his property by maliciously threatening to accuse him of an offense with intent to extort property from him, and that a threat made by one whose goods had been stolen that he would prosecute the thief for the offense, if there were grounds to suspect him to be guilty, could not be considered as made mali-

ciously, unless there were other proofs of malice and intended extortion. The cases cited cannot be of assistance to this court in construing our statute unless the verbiage of the statutes construed in them are practically idetical with the language of our statute, which, so far as we are able to learn, is not so since all of these statutes use only the word "extort," while our statute limits the meaning of this word to obtaining by threats the money or property belonging to another, and does not include obtaining money owing to him making the threat. Should it be possible for the court to find any analogy between the statutes construed in the cases cited by appellant and our statute, which we do not believe can be done, yet the overwhelming weight of authority is against such construction and in favor of appellee.

The offense prohibited by statute is placed by the legislature in the same category as the crime of robbery; since it provides that any one found guilty of doing the act therein inhibited shall be guilty of an attempt to rob. In the case of *State* v. *Hollyway,* 20 American Reports, page 586, *supra,* the facts were that the defendant went to the place of business of John Hamilton, drew a revolver, and threatened to shoot Hamilton if he did not pay defendant the amount claimed to be due him from Hamilton; Hamilton paid defendant ten dollars and fifty cents under this threat. The defendant was indicted for robbery, and convicted, and the judgment of the lower court was reversed, the court holding that if a man under a *bona fide* belief that the property is his own, obtains it by menaces, no robbery has been committed. The very gist of the offense is the intent of the person making threats to obtain that to which he is not entitled in justice and in equity. The case of *Commonwealth* v. *Jones,* 121 Mass. 57, construes the same statute as that construed in the case of *Commonwealth* v. *Coolidge,* 128 Mass. 55, cited by appellant.

In the case at bar it is plain that the defendant in the court below was demanding of Dr. Martin in the letter

set forth in the indictment reparation for the damages done the defendant by Dr. Martin having cut the defendant's timber. The case of *Mann* v. *State of Ohio,* 11 L. R. A. 656, is helpful. The statute there under consideration contains the following: ''Whoever verbally accuses any person of a crime punishable by law with intent to extort or gain from such person any chattel, money, or valuable security, or any pecuniary advantage whatsoever, shall be imprisoned in the penitentiary not more than five years, nor less than one year, and may be fined not more than one hundred dollars.''

The court at page 660 says: ''An honest effort on the part of a creditor to collect a just debt by accusing, or threatening to accuse the debtor of a crime with which the debt is connected, or out of which it arose, does not, in our opinion, come within the purview of the statute; nor should the statute be construed as covering the case of an owner who demands from the offender a reasonable compensation for property which he has maliciously and criminally destroyed, and accompanies his demand with a threat to accuse the offended of the crime. In support of this the court cite *State* v. *Hammond,* 80 Ind. 80; *Peoples* v. *Griffin,* 2 Barb. 427; *Branham* v. *State,* 18 Ohio St. 485; *Reg.* v. *Coghland,* 4 Fost. and F. 316; *Reg.* v. *Johnson,* 14 U. C. Q. B. 569; *State* v. *Dailey,* 127 Iowa, 652; *Rank* v. *People,* 80 Ill. App. 40; 38 Cyc. 297.

COOK, J., delivered the opinion of the court.

Omitting the formal part, the indictment presented by the grand jury of Sunflower county against appellee is in these words:

''That J. F. Ricks, late of the county aforesaid, on the 23d day of March, A. D. 1914, with force and arms, in the county aforesaid and within the jurisdiction of court, unlawfully, knowingly, and feloiously did then and there make, send, and deliver to one W. B. Martin a certain written letter, in the words and figures following, to wit:

" 'August 18, 1913.

" 'Dr. W. B. Martin, Indianola, Mississippi—Dear Sir: I went up and found that you have cut and deadened quite a bit of my timber, and don't think you had a right to do this. It seems, though, that you may have asked me to deaden this land. I think you have damaged me considerably. I don't want to make this a personal matter. Let me have four hundred dollars and I will cancel our contract. I will say it is of no use to write about it, it is four hundred dollars or I will prosecute you criminally. You know that you got that money. Let me hear from you at once.

" 'J. F. RICKS.'

"By which said letter he, the said Ricks, did then and there unlawfully, knowingly, and feloniously threaten to accuse the said W. B. Martin of crime, with the unlawful and feloious intent of him, the said Ricks, to extort from the said W. B. Martin the said sum of four hundred dollars in money, of the value of four hundred dollars, of the personal property of the said W. B. Martin, against the peace and dignity of the state of Mississippi."

To this indictment appellee interposed a demurrer, assigning the following grounds:

"First. Said indictment contains no allegation that the defendant threatened to accuse W. B. Martin of a crime of which he could be legally convicted and punished.

"Second. The indictment does not specify what crime the defendant threatened to accuse the said W. B. Martin of having committed.

"Third. The indictment shows on its face that it is an honest effort on the part of a creditor to collect a debt, and shows no intent to extort money from the said W. B. Martin, but the letter shown in said indictment only demands a reasonable compensation for property of the defendant destroyed by the said Martin, which demand

is accompanied with a threat to prosecute the said Martin criminally.

"Fourth. Said indictment shows clearly that the said Martin is indebted to the said defendant in the sum of four hundred dollars for certain timber cut and deadened by the said Martin, and that the object of the defendant in writing the letter set out in said indictment was merely to obtain payment of it, and the existence of such indebtedness is not negatived in said indictment.

"Fifth. Said indictment on its face shows that there is no intent on the part of the said defendant to extort from the said Martin money, or anything of value.

"Sixth. Said indictment alleges no crime known to the laws of the state of Mississippi.

"Seventh. Other causes to be assigned at the hearing hereof."

The court sustained the demurrer, and the state appeals. The gist of the crime which the state sought to charge against appellee was the sending of a letter with the felonious intent to extort money. If it should be conceded that Dr. Martin was, in fact, guilty of unlawfully cutting or deadening the timber of appellee, and had thereby damaged appellee as alleged in the letter, does it follow that appellee is guilty of an attempt to rob by merely sending the letter demanding reparation, and threatening to prosecute unless reparation is made? The crime with which the state intended to charge appellee is purely statutory, and of course the act charged must clearly fall within the terms of the statute.

The indictment was drawn under section 1364, Code of 1906, which we quote, viz.:

"Every person who shall knowingly send or deliver, or shall make, and, for the purpose of being sent or delivered, shall part with the possession of any letter or writing with or without a name subscribed thereto, or signed with a fictitious name, or with any letter, mark, or other designation, threatening therein to accuse any per-

son of a crime or to do an injury to the person or property of any one, with a view or intent to extort or gain money or property of any description belonging to another, shall be guilty of an attempt to rob, and shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years.''

The indictment does not aver that Dr. Martin did not cut appellee's timber; it does not aver that Dr. Martin had not damaged appelee to the extent of four hundred dollars. We infer from the letter that appellee threatened to prosecute Martin if Martin did not pay for the damage done appellee. Appellee had a right to demand the payment of damages, if it be conceded that he had been damaged. It is not a violation of the statute in question to write a letter charging one with the commission of a crime, nor is it a violation of the statute to threaten to prosecute the person addressed for the crime charged. The statute makes an attempt to extort money by means of a written communication a felony, and defines the same as an attempt to rob.

The position of the state is that the mere sending of the letter threatening to prosecute if the money claimed be not paid constitutes the crime, and that it makes no difference whether the person to whom the letter is addressed justly owes the amount demanded or not. There is nothing in the indictment negativing the idea that appellee was demanding the payment of what he believed to be a just claim.

Construing the letter most favorably to the accused, it would seem that he was charging Dr. Martin with trespass which had damaged him to the amount demanded, and telling him that there was no use to write about it; that he would prosecute unless the amount demanded was paid. Can it be said that the threat to prosecute was made ''with a view or intent to extort or gain money, etc.?'' Is it an attempt to rob to demand by letter the return of stolen money, accompanied by a threat to prose-

cute if the money is not returned? One may write his debtor and charge him with destroying the writer's property, and that in doing so he had committed a crime; that the writer would not prosecute if he was paid for the damages inflicted, but, unless he was paid, he would prosecute. This, we think, would not be extortion under the statute. Statutes similar to the one under discussion have been construed by the courts of sister states.

In *Mann* v. *State,* 47 Ohio St. 556, 26 N. E. 226, 11 L. R. A. 656, the court was construing a statute reading:

"Whoever verbally accuses any person of a crime punishable by law, with intent to extort or gain from such person any chattel, money or valuable security, or any pecuniary advantage whatever, shall be imprisoned in the penitentiary not more than five years nor less than one year, and may be fined not more than one thousand dollars."

The court said:

"An honest effort on the part of a creditor to collect a just debt, by accusing or threatening to accuse the debtor of a crime with which the debt is connected, or out of which it arose, does not, in our opinion, come within the purview of the statute; nor should the statute be construed as covering the case of an owner who demands from the offender a reasonable compensation for property which he has maliciously and criminally destroyed, and accompanies his demand with a threat to accuse the offender of the crime."

See, also, *State* v. *Hammonds,* 80 Ind. 80, 41 Am. Rep. 791; *People* v. *Griffin,* 2 Barb. (N. Y.) 427.

*Affirmed.*