234 So.2d 624 (1970)
Pee Wee DENNIS, a Minor, by Father & Next Friend, Herbert Dennis, Herbert Dennis, Individually and Nettie Mae Dennis
v.
TRAVELERS INSURANCE CO. and James E. Wells.
No. 45776.
Supreme Court of Mississippi.
April 27, 1970.
Sullivan, Sullivan & Keyes, S. Smith Bonner, Jackson, for appellants.
Daniel, Coker, Horton & Bell, John B. Clark, Jackson, for appellees.
BRADY, Justice.
This is an appeal from the Circuit Court of the First Judicial District of Hinds *625 County, Mississippi, wherein the appellees' motion to dismiss was granted on the ground that the one year statute of limitation had run. From this decision an appeal is taken.
This action was begun by the filing of a declaration by the appellants alleging that the appellees had violated Mississippi Code 1942 Annotated section 2365 (1956), which states that:
Every person who shall knowingly send or deliver, or shall make, and, for the purpose of being sent or delivered, shall part with the possession of any letter or writing with or without a name subscribed thereto, or signed with a fictitious name, or with any letter, mark, or other designation, threatening therein to accuse any person of a crime or to do any injury to the person or property of any one, with a view or intent to extort or gain money or property of any description belonging to another, shall be guilty of an attempt to rob, and shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years.
making them guilty of attempted robbery for using a threat of prosecution in a letter with the intent to extort payment of a civil debt from the appellants.
The letter upon which the suit is based is as follows:
 November 8, 1967
 Mr. & Mrs. Dennis
 1822 Topp Street
 Jackson, Mississippi
Dear Mr. and Mrs. Dennis:
In cooperation with the Juvenile Bureau of the Jackson Police Department, it has been determined that your son, Pee Wee, was a member of the group of boys who damaged three buses on or about October 5, 1967. The total damage to the three buses was in the amount of $996.70. Your son's share of that damage would be $199.34.
It is to be understood that further cooperation on the part of your son or his companions with the Juvenile Department, in supplying us with names and addresses of other persons involved, would lessen the above indicated amount.
Your check, in the amount of $199.34 payable to The Travelers Insurance Company, will be appreciated.
We would be more than willing to make arrangements whereby this amount could be paid on an installment basis. If you do not contact this office to explain your position in this matter, it will have to be turned over to juvenile officials who will proceed with court action.
 Yours very truly,
 s/ James E. Wells
 James E. Wells
 Adjuster
 JEW/mlw
A second letter or follow-up letter, also written on The Travelers Insurance Company stationery, is as follows:
 August 26, 1968
 Mr. and Mrs. Dennis
1822 Top Street
 Jackson, Mississippi
 Re: 71 AD 24894
 71 AD 24911
 71 AD 24912
 Vicksburg City Lines
 AD-Vandalism
 D/L: 10-5-67
Dear Mr. and Mrs. Dennis:
This letter is a follow up to a letter dated November 8, 1967 from our office regarding the above captioned loss. It stated that in cooperation with the juvenile bureau of the Jackson Police Department, it has been determined that your son, Pewee, was a member of the group of boys who damaged three buses on or about October 5, 1967. The total damage to the three buses was in the amount of $996.70. Your son's share of that damage would be $199.34.

*626 Your check in the amount of $199.34 payable to the Travelers Ins. Co. would be appreciated.
We would be more than willing to make arrangements where by this amount could be paid on an installment basis. If you do not contact this office to explain your position within the next 30 days I will be forced to turn this over to our attorneys for further handling.
 Sincerely yours,
 s/ Max Runnels
 Max Runnels
 Adjuster
 MR/bm
To this declaration the appellees filed a demurrer, a motion to dismiss, and an answer. The demurrer was in general form and the motion to dismiss set up, among other grounds, that the declaration was barred by Mississippi Code 1942 Annotated section 732 (1956), which is as follows:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.
The circuit court determined that the declaration did state a cause of action but that the cause of action arose from the first letter dated November 8, 1967, and further that this action was barred by the running of the statute of limitations, Mississippi Code 1942 Annotated section 732 (1956). From this motion to dismiss, an appeal is taken.
The appellants assign as error: (1) That the lower court erred in sustaining the appellees' motion to dismiss, based upon the ground that the cause of action created in the appellants by their letter of November 8, 1967, was barred by the statute of limitations; (2) that the lower court erred in finding that the letter dated August 26, 1968, was not a separate cause of action; and (3) that the court erred in finding that the only cause of action stated against the appellees was solely by reason of the issuance of the letter dated November 8, 1967. The appellees cross appealed on the grounds that the court erred in overruling the demurrer of the appellees.
The appellants' declaration charged that the appellees, James E. Wells and The Travelers Insurance Company, in using a threat of criminal prosecution, by way of a letter, to enforce payment of a purported civil debt, "constituted a willful, malicious, and irresponsible act upon their part, and that said appellees knew, or should have known, that they would cause physical unrest and mental distress to each of the appellants * * *." (Emphasis added.)
It is clear that Mississippi Code 1942 Annotated section 732 (1956), which provides an inclusive listing of the recognized intentional torts is controlling in the case at bar. There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute. Furthermore, the letter, which is the basis for the action at bar, falls squarely within the purview of the statute under the category of "menace" as set out in the statute.
Webster's International Dictionary, Third Edition, among many definitions of the word "menace" lists "1 a: a show of intention to inflict harm: a threatening gesture, statement, or act * * *. b: threatening import, character, or aspect: THREAT * * *. 2 a: someone or something that represents a threat * * *."
Popular words in statutes must be accepted in their popular sense and the court must attempt to glean from the statute the legislative intent. Mississippi State Tax Comm'n v. Hinton, 218 So.2d 740 (Miss. 1969).
*627 The first letter written by Mr. James E. Wells, adjuster for the appellee, as the trial court properly held, was one of menace and was threatening and falls squarely under the prescription set forth in Mississippi Code 1942 Annotated section 732 (1956). Sears, Roebuck & Co. v. Ingram, 206 So.2d 204 (Miss. 1968); Kitchens v. Barlow, 250 Miss. 121, 164 So.2d 745 (1964); Bush v. City of Laurel, 234 Miss. 93, 105 So.2d 562 (1958).
While it is unnecessary for us to consider whether or not the demurrer should have been sustained, it appears to us that under the ruling in State v. Ricks, 108 Miss. 7, 66 So. 281 (1914), the demurrer could have properly been sustained. However, we do not decide this issue as it is evident that the motion to dismiss was properly sustained.
For the foregoing reasons the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.