Jonez P. SUTHOFF, et al.,
Plaintiffs-Appellants,

v.

YAZOO COUNTY INDUSTRIAL DE-VELOPMENT CORPORATION, et al., Defendants-Appellees.

No. 83–4115.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1983.
Rehearing Denied Feb. 17, 1984.

Pyles & Tucker, Dixon L. Pyles, Jackson, Miss., for plaintiffs-appellants.

Watkins & Eager, Michael W. Ulmer, Jackson, Miss., for Yazoo City, Yazoo Public Ser. Comm., Campbell & Smith.

Henry, Barbour & Decell, Haley Barbour, Yazoo City, Miss., for Barbour, Neely & Stevenson.

Vardaman S. Dunn, Jackson, Miss., for Yazoo Industrial & Yazoo Port Comm.

Before COLEMAN, GARZA and HIG-GINBOTHAM, Circuit Judges.

GARZA, Circuit Judge:

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging the deprivation of property rights under the Fifth and Fourteenth Amendments to the Constitution. Plaintiffs appeal from the summary judgment granted defendants by the district court.

## FACTS AND PROCEEDINGS BELOW

Plaintiff Inez Philibert was the owner of approximately 122 acres of land in Yazoo County, Mississippi. In January of 1970, E.A. Smith, a member of the Yazoo Public Service Commission (PSC), accompanied by an attorney acting for the Yazoo County Port Commission (Port Commission), visited Philibert and offered to purchase the property for $97,600. Philibert refused the offer, stating that she was not interested in selling the property. Smith contacted Philibert a number of times thereafter in an attempt to persuade her to sell the property, all to no avail. During this time, Philibert had retained attorney William Neely to represent her interests in her dealings with the land. Philibert alleges that in the late summer of that year, Smith again approached her, stating that if she continued to refuse to sell the property, condemnation proceedings would be initiated and she would receive only a fraction of what he was offering her for the land. Philibert steadfastly refused to change her position.

On October 16, 1970, Philibert conveyed one-third undivided interests in the 122 acres to each of her two daughters, plaintiffs Suthoff and Miller. Attorney Neely agreed to represent their interests in the property as well.

In August, 1971, Tom Campbell, Jr., attorney for Yazoo City and the PSC, met with Philibert, Suthoff and Miller. He told them that an appraiser for Yazoo City had valued their property at $250 per acre, and he offered to buy 82.43 acres of the property for the sum of $22,500. This offer was likewise rejected. On September 2, 1971, Campbell filed a condemnation action on

behalf of Yazoo City against Philibert, Suthoff and Miller, seeking to have 82.43 acres of the property condemned for use in the construction and operation of a sewage treatment facility. On attorney Neely's advice, the women thereupon employed attorney William Barbour to associate with Neely in the representation of their interests in the property. Barbour was a board member of the Yazoo County Industrial Development Corporation (YIDC), and a member of its Executive Committee (a fact which plaintiffs claim not to have learned until 1979).

Barbour and Neely hired appraiser Joel Stevenson to appraise their client's property. In a letter dated October 8, 1971, Stevenson stated that as of September of that year, 99.25 acres of the plaintiffs' property had a value of $100,850. Plaintiffs claim that they were refused a copy of Stevenson's appraisal. Plaintiffs allege that the property was actually worth more than $4,000 per acre, but that Barbour, acting in concert with the other defendants, had instructed Stevenson to report the lower value to enable the defendants to purchase the property for less than one-fourth its actual value.

Plaintiffs further claim that attorneys Barbour and Neely told them, in effect, that they "could not fight city hall," and that if they did not sell the property to Yazoo County for $100,835, the Yazoo County Court would order it sold to Yazoo City for only $22,500. Under this belief, the plaintiffs' deeded the entire 122 acres to Yazoo County on February 22, 1972, for $100,835, apparently believing they were conveying title to only 99.25 acres. Unknown to them, the condemnation action had been dismissed at Yazoo City's request on February 16, 1972.

Plaintiffs filed this action on February 16, 1979, almost seven years after the sale, seeking compensatory and punitive damages against Yazoo City, Yazoo County, the Yazoo Port Commission, YIDC and PSC; also, against E.A. Smith, attorneys Barbour, Neely and Campbell, and appraiser Stevenson. Plaintiffs alleged numerous causes of action, including the deprivation of property without due process, fraud, deceit, abuse of process and breach of a fiduciary trust, and in the alternative for recission of the deed. The district court dismissed the complaint as failing to state a claim over which it had subject matter jurisdiction. We reversed and remanded, holding that the pleadings sufficiently alleged a federal claim within the district court's jurisdiction. *See Suthoff v. Yazoo County Industrial Development Corporation*, 637 F.2d 337 (5th Cir.), *reh. denied per curiam*, 642 F.2d 822 (5th Cir.1981).

On remand, after extensive discovery was had, the district court granted summary judgment in favor of all defendants. The court held that the action as against each defendant was barred by limitations; furthermore, that the doctrine of res judicata acted to bar the action against attorneys Barbour and Neely. We are called upon in this appeal to decide which of Mississippi's statutes of limitations apply to this action, and whether the application of that statute or statutes acts as a bar to the prosecution of the action.

I.

Plaintiffs' complaint alleges claims arising under state law and under § 1983. Because no statute of limitations was specifically enacted to govern actions brought pursuant to § 1983, federal courts must "borrow" the state statute of limitations governing analogous causes of action. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Drayden v. Needville Independent School District*, 642 F.2d 129, 131 (5th Cir.1981); *Braden v. Texas A & M University System*, 636 F.2d 90, 92 (5th Cir.1981). The district court characterized the plaintiffs' action as one based on an intentional tort for which there existed an adequate remedy at common law, therefore finding applicable Mississippi's one-year limitations statute for intentional torts, Miss.Code Ann. § 15–1–35 (1972). That statute provides:

All actions for assault, assault and battery, maiming, false imprisonment, mali-

cious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

The district court further stated that if it was incorrect in this regard, the action was nonetheless barred by Mississippi's six-year statute governing actions not otherwise specifically provided for, Miss.Code Ann. § 15–1–49 (1972).[1]

■ In determining which state limitations period controls, we must look to the essential nature, or "gravamen," of the complaint. *Prince v. Wallace,* 568 F.2d 1176 (5th Cir.1978); *Boshell v. Alabama Mental Health Board,* 473 F.2d 1369 (5th Cir.1973). Looking to the substance of the complaint in this instance, the plaintiffs allege that the defendants conspired to have Yazoo City initiate proceedings to expropriate the plaintiffs' property for sewerage purposes, in order to coerce plaintiffs into selling their property at a fraction of its value to Yazoo County. This was allegedly done to enable the Port Commission and the YIDC to utilize the property for public purposes. The cause of action under Mississippi law most analogous to the plaintiffs' claim is that of "abuse of process", being "the intentional use of legal process for an improper purpose incompatible with the lawful function of the process by one with an ulterior motive in doing so, and with resulting damages." *Hyde Construction Co., Inc. v. Koehring Company,* 387 F.Supp. 702, 712–13 (S.D.Miss.1974), *modified but cited with approval sub nom., Dunn v. Koehring Company,* 546 F.2d 1193, 1199 n. 19 (5th Cir.), *modified sub nom., Hyde Construction Co., Inc. v. Koehring Co.,* 551 F.2d 73 (5th Cir. 1977); *See also Wilcon, Inc. v. Travelers Indem. Co.,* 654 F.2d 976, 983–84 (5th Cir. 1981).

Reviewing Mississippi's various limitations statutes, only two appear to have possible application to actions brought for abuse of process. They are Miss.Code Ann. § 15–1–35 (1972), providing the one-year period for intentional torts found applicable by the district court; and, Miss.Code Ann. § 15–1–49 (1972), providing the six-year "catch-all" provision for actions not otherwise provided for. As previously noted, plaintiffs' action would be untimely under either. Although some authority supports application of the six-year statute, *See Hyde Construction Co., Inc. v. Koehring Company, supra,* 387 F.Supp. 702 at 712 (applying the six-year statute to an abuse of process action), the greater weight of authority is in favor of the one-year statute. *See Dennis v. Travelers Insurance Co.,* 234 So.2d 624, 626 (Miss.1970) (abuse of criminal process held to come within definition of "menace" in one-year statute); *Rigby v. Roadway Exp., Inc.,* 680 F.2d 342, 344 (5th Cir.1982) (one-year statute applied to wrongful discharge action against employer, although not specifically provided for); *Childers v. Beaver Dam Plantation, Inc.,* 360 F.Supp. 331, 333 (N.D.Miss.1973) (one-year statute applied to action for malicious prosecution, abuse of criminal process, libel and slander); *Andrews v. GAB Business Services, Inc.,* 443 F.Supp. 510, 513 (N.D. Miss.1977) (one-year statute applied to invasion of privacy action, although not specifically provided for). In our opinion the plaintiffs' complaint was properly characterized by the district court as alleging an action governed by Mississippi's one-year intentional tort statute.

Plaintiffs argue that the action is one for the breach of a fiduciary trust. The complaint does not allege "the existence of a trust not cognizable by the courts at common law ...," within Miss.Code Ann. § 15–1–39 (1972)[2], however, nor do the

---

1. Miss.Code Ann. § 15–1–49 (1972), provides:
   "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

2. Miss.Code Ann. § 15–1–39 provides, in pertinent part:
   "Bills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after ..."

facts alleged involve the type of trust contemplated by that statute. Plaintiffs also state that the complaint charges breaches of official duties rather than an intentional tort, referring to our decisions of *Morrell v. City of Picayune,* 690 F.2d 469 (5th Cir. 1982) and *Shaw v. McCorkle,* 537 F.2d 1289 (5th Cir.1976). Both were § 1983 actions brought against law enforcement officers for physical abuse. Relying on *State v. Smith,* 156 Miss. 288, 125 So. 825 (1930), we held in each case that the action was essentially one against public officers and the sureties on their bonds, and therefore held applicable the six-year "catch-all" statute governing written contracts. The facts in the instant case are far removed from those in the cited cases, however, and plaintiffs have not referred us to any case more factually aligned with the case at bar. We decline to hold that Mississippi's courts would apply the six-year statute to the facts of this case based on its decision in *Smith, supra.*

Plaintiffs further argue that the action is in the alternative one to recover land, within Mississippi's ten-year statutes, Miss.Code Ann. §§ 15–1–7 and 15–1–9 (1972)[3], and was therefore timely filed. Although the ten-year period for the recovery of land has been applied in two actions in Mississippi to set aside conveyances allegedly procured by fraud, the Mississippi courts have not decided the precise issue raised, i.e., whether such an action is governed by the statute relating to actions for fraud or the statute relating to actions to recover land. *See Ayers v. Davidson,* 285 F.2d 137 (5th Cir. 1960); *Aultman v. Kelly,* 236 Miss. 1, 109 So.2d 344 (1959). This issue was the subject of an Annotation in 118 A.L.R. 196 (1939),

which concluded that the majority of jurisdictions deciding the issue have held that "a suit brought by one not in possession of land to obtain a decree setting aside a deed thereof as having been procured by fraud is one for relief on the ground of fraud, rather than an action for the recovery of real property." Annot., 118 A.L.R. 196, 200 (1939). Furthermore, the complaint seeks compensatory and punitive damages, inconsistent with an action to recover land, and is directed against ten defendants, only one of which holds title to the property. For these reasons, we are of the opinion that the plaintiffs' alternative claim is, at best, governed by the six-year statute and therefore untimely filed.

## II.

Having determined the applicable limitations period, we must next determine whether the present action is barred. It is undisputed that the action in question was not filed until nearly 7 years after the date of the conveyance to Yazoo County. Plaintiffs argue, however, that the running of the statute was tolled by the defendants' fraudulent concealment. Mississippi's fraudulent concealment statute, Miss.Code Ann. § 15–1–67 (1972), provides:

"If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."

Plaintiffs' allegations of fraudulent concealment are directed primarily at defendants

---

**3.** Miss.Code Ann. § 15–1–7 provides, in pertinent part:

"A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued . . ."

§ 15–1–9 provides:

A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of section 15–1–7, he might have made an entry or

brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity. However, in every case of a concealed fraud, the right of any person to bring suit in equity for the recovery of land, of which he or any person through whom he claims may have been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which the fraud shall, or, with reasonable diligence might, have been first known or discovered.

Barbour and Neely. Although plaintiffs mention various facts which they allege were concealed from their knowledge by these defendants, in the words of the statute it is the concealment of the cause of action that acts to toll the running of the limitations period, rather than the failure to apprise the plaintiff of individual items of information not material to the cause of action. Plaintiffs' primary allegation in this regard is that Barbour and Neeley failed to disclose Barbour's official association with the YIDC, a fact plaintiffs claim not to have learned until January 25, 1979, approximately three weeks prior to their filing the lawsuit.

The uncontroverted summary judgment evidence, however, taken from plaintiff Suthoff's own deposition testimony, reflects that Barbour's name was mentioned as a member of the YIDC Executive Committee in a November 10, 1971, article concerning the proposed sewage disposal plant in the People's Press, a Yazoo City newspaper; further, that Suthoff read the article shortly after it was printed and underlined Barbour's name where it appeared in the article. Plaintiffs have not alleged that Barbour or Neely actively concealed the fact of Barbour's association with the YIDC. While the attorney-client relationship is one of special trust and confidence, imposing on the attorney a duty to disclose any interest that may adversely effect his ability to represent the client, it does not follow that a breach of that duty necessarily results in fraudulent concealment within the meaning of the tolling statute. Further, plaintiffs have not complained of any action taken by any defendant subsequent to the date of the conveyance which is alleged to have concealed the existing cause of action. We do not find that the plaintiffs have raised a fact issue of fraudulent concealment within Miss.Code Ann. § 15–1–67 (1972).

■ Plaintiffs next assert that the district court erred by looking to Mississippi law in determining the date the plaintiffs'

cause of action accrued, incorrectly finding that date to be February 22, 1972, the day of the conveyance in question. Under federal law, a cause of action under § 1983 accrues "when [the] plaintiff knows or has reason to know of the injury which is the basis of the action." *Cox v. Stanton,* 529 F.2d 47 (4th Cir.1975); *accord, Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980). In our opinion the district court properly found that to be February 22, 1972. The alleged injury occurred on that date and Mrs. Suthoff's deposition testimony clearly indicates that at that time she was convinced the condemnation action was a pretense and that attorneys Barbour and Neely were "tricking" the women. (Addendum to Brief of Appellees, pp. 14–22).[4] Mrs. Suthoff had also expressed these beliefs to other counsel prior to the date of the sale. *Id.* The record also reflects that plaintiffs had complained to the Mississippi State Bar about these matters in 1975, and filed a professional malpractice action against Barbour and Neely in February, 1978. *Id.*

■ Plaintiffs also argue that because of the attorney-client relationship existing between themselves and Barbour and Neely, defendants are estopped to plead limitations as a defense to this action. Plaintiffs have cited no Mississippi authority in support of this contention, nor has our research revealed the same. The law of Mississippi appears to be that, in the absence of fraudulent concealment, the statute of limitations will act to bar an untimely action by the client against his or her attorney. *See Hudson v. Kimbrough,* 74 Miss. 341, 20 So. 885 (1896).

Plaintiffs' final contention is that the district court erred in holding that the action as against Barbour and Neely was also barred by the doctrine of res judicata. As previously mentioned, the plaintiffs filed a malpractice suit in the Mississippi Circuit Court against the attorneys in February,

**4.** Excerpts from the May 4–5, 1982, deposition of plaintiff Suthoff are reproduced in the Addendum to the Brief of Appellees Yazoo County, YIDC, and the Port Commission. While the Court was not provided a copy of this deposition, appellants have not objected to the accuracy or the use of the deposition excerpts by counsel.

1978. The suit was dismissed by the circuit judge, although it is unclear whether the court sustained the defendant's general demurrer or dismissed the action because of the plaintiffs' failure to appear at a docket setting. The district court in the instant action held that the dismissal was on the merits and consequently precluded the action against Barbour and Neely. Since we have held that the statute of limitations bars the action as against all defendants, however, it is unnecessary to resolve this issue.

AFFIRMED.