Darrell C. ROBINSON, M.D.

v.

COASTAL FAMILY HEALTH
CENTER, INC. and Kathryn
M. Shanks.

Civ. A. No. S89–0779(P).

United States District Court,
S.D. Mississippi, S.D.

Nov. 20, 1990.

David B. Magee, Biloxi, Miss., for plaintiff.

Stephen G. Peresich, of Page Mannino & Peresich, Biloxi, Miss., for defendants.

## MEMORANDUM OPINION

PICKERING, District Judge.

This cause is presently before the Court on three pending motions: (1) the Motion of Defendant Coastal Family Health Center, Inc. to Dismiss, or in the Alternative, for Judgment on the Pleadings; (2) the Motion to Dismiss of Defendant Kathryn M. Shanks; and, (3) the Application for Review of Defendant Coastal Family Health Center, Inc. Having reviewed the parties' briefs and authorities and being otherwise fully advised in this matter, the Court finds that Defendant Coastal Family Health Center, Inc.'s Motion to Dismiss should be granted in part and denied in part and that its Application for Review should be overruled. The Court further finds that Defendant Kathryn M. Shanks' Motion to Dismiss should be sustained.

## I.

### FACTUAL BACKGROUND

This cause is an action brought by the Plaintiff, Darrell C. Robinson, M.D. ("Robinson"), against the Defendants, Coastal Family Health Center, Inc. ("Coastal") and Kathryn M. Shanks ("Shanks"). Robinson is an adult resident citizen of Chicago, Illinois. Coastal is a Mississippi corporation with its principal place of business in Harrison County, Mississippi. Shanks is an adult resident citizen of Harrison County, Mississippi. Thus, there is complete diversity under 28 U.S.C. Section 1332.

In his Second Supplemental and Amended Complaint, Robinson alleges that he was wrongfully terminated by Coastal as a result of actions on the part of Shanks. Robinson seeks compensatory and punitive damages from Coastal for its alleged improper termination of his employment contract and similar damages from Shanks based upon actions alleged to amount to tortious interference with Robinson's employment contract.

Robinson was the recipient of certain scholarship funds from the National Health Service Corps ("NHSC") as financial assistance for medical school costs and tuition. In return for this financial assistance, Robinson was required to fulfill a four year service obligation at an NHSC-approved health care facility. Robinson signed a Private Practice Assignment Agreement with NHSC on September 15, 1987, for the period of September 15, 1987, through September 15, 1991. Exhibit A to Complaint. Under the terms of his Agreement with NHSC, should Robinson be terminated from employment for failure to fulfill a facility's employment requirements, Robinson could be required to repay any outstanding scholarship balance owed to NHSC. The NHSC agreement also provides for reassignment of Robinson to another NHSC-approved facility upon termination by a facility.

In 1986, subsequent to completion of his residency training, Robinson was invited for an interview with Coastal, an NHSC-approved health care facility. Robinson was

offered and accepted an employment position with Coastal and signed an Employment Agreement with Coastal on February 5, 1987. Exhibit B to Complaint. The Employment Agreement reflects that it would be effective upon receipt of Robinson's Mississippi medical license or September 15, 1987, whichever is later, and that the agreement would be "negotiable at the end of one year." *Id.*

Robinson commenced his employment with Coastal on September 15, 1987, as prescribed by the Employment Agreement. Robinson alleges that his employment with Coastal was terminated on July 8, 1988, and that termination was ultimately memorialized as a non-renewal of his Employment Agreement by a letter from Defendant Shanks dated September 15, 1988.

Shanks was the executive director of Coastal during the time Robinson worked at the clinic. Robinson alleges that on July 8, 1988, he was called into Shanks' office and terminated. Robinson avers that he was asked to return his beeper, clean out his office, and vacate the Coastal facility. Robinson's termination was ratified by the Board of Directors of Coastal after Robinson was granted a hearing before the Personnel Committee. In her September 15, 1988, letter, Shanks advised Robinson that he would be paid for a sixty (60) day notice period through November 15, 1988, retroactive to August 8, 1988.

Robinson apparently did not accept reassignment to another NHSC-approved facility and thus incurred repayment liability pursuant to the terms of his Private Practice Assignment Agreement.

Robinson filed his original Complaint in this matter on November 9, 1989. Although Robinson originally named all the officers and directors of Coastal as defendants, all other defendants have subsequently been dismissed by order of this Court, leaving only Coastal and Shanks as defendants at this juncture.

In his Second Supplemental and Amended Complaint, Robinson seeks punitive and compensatory damages from both Defendants. The Defendants have moved to dismiss all claims set forth in the Second Supplemental and Amended Complaint.

## II.

### CONCLUSIONS OF LAW

The Plaintiff's Second Supplemental and Amended Complaint sets forth essentially two claims for recovery under state law. The Court construes Plaintiff's allegations to assert that he was improperly terminated and that Shanks intentionally interfered with his employment contract. Since each Defendant has moved separately for dismissal, the Court addresses each motion separately below.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true the allegations in the opposing pleadings. *Miree v. De-Kalb County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247 (5th Cir.1985). The Plaintiff's complaint must be allowed to stand "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also, McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980). The Court applies this standard of review to Robinson's claims in the case at bar.

### A. *Coastal's Motion to Dismiss or for Judgment on the Pleadings*

Coastal asserts several grounds for dismissal in support of its motion to dismiss. The Court addresses each of these grounds separately.

#### 1. Was There an Enforceable Contract of Employment?

Coastal argues that Robinson has failed to state a claim for relief under Mississippi law and that his breach of contract claim should therefore be dismissed.

Mississippi has long adhered to the common law rule that "where there is no employment contract (or where there is a con-

tract which does not specify the term of the worker's employment), the relation may be terminated at will by either party." *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086, 1088 (Miss.1987). Robinson argues that the Employment Agreement which he signed with Coastal was intended to have a four year duration. The written language of the Agreement only mentions one year, September 1987–September 1988.

However, since he contends that he was in effect guaranteed employment for one year, Robinson maintains that he is not an employee at will. The Mississippi Supreme Court has explained employment at will doctrine as follows: "The employee can quit at will; the employer can terminate at will. This means that either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract." *Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874, 874–875 (Miss.1981).

Although the employer's right to terminate at-will employees with veritable impunity is an embattled and criticized rule, the Mississippi Supreme Court has declined the opportunity to carve out any exception to the common law rule. *Kelly, supra,* at 877. The Mississippi Court has suggested only that change might come when the "appropriate occasion" is presented. *Perry, supra,* at 1090.

■ Construing the Complaint in the light most favorable to Robinson—which the Court must—the Court finds that Robinson did have an enforceable contract of employment for his first year of employment with Coastal. The real question here is whether he was justifiably terminated. The Second Supplemental and Amended Complaint avers that the subject contract was improperly terminated by Coastal prior to the end of that first year. Such allegations, if proven by Robinson, do form a basis upon which relief could be granted for Robinson.[1] In this connection, the Court also notes that the Mississippi Supreme Court has held that even "[o]ral

employment contracts for a definite term of less than fifteen months are wholly enforceable." *Short v. Columbus Rubber and Gasket Co.*, 535 So.2d 61, 64 (Miss. 1988). Moreover, a "claim for breach of an oral contract for a definite term, if with a basis in fact, takes the case outside the operation of the at will presumption." *Id.*

■ Robinson relies upon the written terms of his Employment Agreement which provide for at least a one-year period of employment. The Court finds that the terms of that agreement are sufficiently definite to support Robinson's claim that he had a one-year contract and to take this case outside the employment at will rule. Robinson was not an employee at will for the first year of his employment with Coastal. Robinson was an employee at will for any subsequent years for which he alleges he had an oral contract with Coastal.

### 2. What is the Appropriate Statute of Limitations?

■ Coastal next argues that Robinson's claims are barred by the applicable statute of limitation. In this case, Coastal first points to the provisions of Miss.Code Ann., Section 15–1–29 (Cum.Supp.1990), which bar an action on an unwritten contract of employment unless the action is brought within one year next after the cause of action accrued. Coastal explains that Robinson's assertion that he had an unwritten contract of employment for four years invokes the provisions of Section 15–1–29. The Court agrees that Section 15–1–29 would bar any claim as to the alleged unwritten four-year contract but disagrees as to Robinson's claim that he had a one-year contract.

This is not a case where the Plaintiff is proceeding entirely and solely upon the basis of an unwritten employment contract. If it were, the Court would in all likelihood be forced to grant Coastal's motion on the basis of the statute of limitations. For

---

1. The Court notes that if Robinson only had a one-year contract, his damages are somewhat limited. Nevertheless, the Court cannot say that Robinson has stated *no* colorable claim whatsoever for relief.

Section 15–1–29 clearly bars an action arising out of an unwritten contract of employment one year after the cause of action accrues. *Sloan v. Taylor Machinery Co.*, 501 So.2d 409, 410–411 (Miss.1987). However, as the pleadings establish, Robinson bases his claim against Coastal upon the *written* Employment Agreement he executed with Coastal.

The terms of the written Employment Agreement are not so indefinite as to require this Court to treat the agreement as an oral contract for statute of limitations purposes. *Sloan, supra,* at 411. Thus this is not "an action based upon an unwritten contract of employment" and Section 15–1–29, therefore, has no application herein.

The mere fact that Robinson seeks to extend the term of his one-year employment contract by parol evidence to run concurrently with his NHSC contract does not lead this Court to the conclusion suggested by Coastal, that Robinson's claim is based upon an unwritten employment contract. If Robinson is able to prove that his one-year contract of employment was improperly terminated, he will have proven a basis for relief. At present, Plaintiff has alleged a claim upon which relief can be granted on a claim which was brought within the appropriate statute of limitations.[2]

Additionally, the Court agrees with Coastal's contention that Miss.Code Ann., Section 15–1–35 (Cum.Supp.1990) applies to this case, if Robinson's claim is treated as a failure to employ. Section 15–1–35 provides in part: "All actions for . . . failure to employ . . . shall be commenced within one (1) year next after the cause of action accrued and not after."

While Robinson's claim may be read as a claim for failure to employ, the Second Supplemental and Amended Complaint also is alleged sufficiently to support a claim for wrongful termination. Robinson indeed was employed by Coastal.

 Since Robinson also complains of a termination of his employment with Coast-

al, the Court holds that Section 15–1–35 is not applicable to that portion of his complaint. The Court finds that the appropriate statute of limitations as to Robinson's claim of wrongful termination in this matter is neither Section 15–1–29 nor Section 15–1–35 but instead the "catch-all" statute . of limitations, Miss.Code Ann., Section 15–1–49 (Cum.Supp.1990). Robinson undeniably filed his complaint within the three-year period prescribed by Section 15–1–49. Thus, the Court must overrule Coastal's motion to dismiss Robinson's wrongful termination claim based upon the statute of limitations.

However, the Court will sustain Coastal's motion as to the alleged four-year unwritten contract and Coastal's alleged failure to employ Robinson after his first year. Both Sections 15–1–29 and 15–1–35 bar Robinson's failure to employ claim and his claim with respect to the alleged unwritten four-year contract with Coastal which purportedly ran co-extensively with Robinson's NHSC contract.

3. Does the Statute of Frauds Bar Plaintiff's Claim?

 Coastal next argues that Robinson's implied four-year contract of employment is unenforceable under the statute of frauds, Miss.Code Ann., Section 15–3–1(d) (1972). The Court finds that any claim by Robinson regarding an alleged unwritten contract for four years is barred by the statute of frauds. As to Robinson's one-year contract of employment, the Court notes that Coastal has confused the duration of Robinson's contract of employment with the existence of an adequate writing to satisfy the statute of frauds. In the case *sub judice*, the Court finds that the Employment Agreement relied upon by Robinson constitutes sufficient written evidence of a one-year contract of employment to satisfy the requirements of the statute of frauds. *Cf. Bowers Window & Door Co. v. Dearman*, 549 So.2d 1309, 1313 (Miss.1989) (contract of employment must

**2.** As discussed more fully below, the Court finds the three-year residual statute of limitations, Miss.Code Ann., Section 15–1–49 (Cum.Supp.

1990) to be the appropriate statute of limitations applicable to the claims which remain in this case.

contain definite term of duration to satisfy statute of frauds).

Moreover, the Court holds that Robinson's claims are limited to the initial one-year period set forth in his Employment Agreement with Coastal. That portion of the agreement was not only capable of performance within 15 months but also was reduced to writing. The statute of frauds requires nothing more. In any event, a contract of employment for a definite term of less than 15 months is enforceable even without a writing. *Short, supra*, 535 So.2d at 64. The statute of frauds does not represent a proper basis for dismissal of Robinson's complaint for wrongful termination prior to the end of his first year of employment with Coastal. Conversely, the statute of frauds does bar any claim by Robinson that he had an oral four-year contract of employment with Coastal.

For the reasons set forth above, Coastal's Motion to Dismiss or for Judgment on the Pleadings will be denied in part and granted in part.

### B. *Coastal's Application for Review*

Coastal also seeks review of the Magistrate's Order entered June 13, 1990, which compelled that certain discovery be produced by Coastal. In reviewing the Magistrate's ruling, the Court's inquiry is limited to a determination of whether the Order was clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). The Court holds that the order was neither clearly erroneous nor contrary to law.

The discovery in question relates to the personnel files of any physicians terminated by Coastal since 1980 and to the documentary evidence supporting such terminations, if any. Coastal argues that the subject files are not relevant to any issue involved in this litigation nor reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26(b)(1). Coastal further argues that the files in question are entitled to a "qualified privilege of confidentiality."

The Court has carefully considered Coastal's discovery argument. Specifical-

ly, the Court finds that the nature and basis for termination of any other physicians could lead to the discovery of admissible evidence insofar as such evidence could provide Robinson with information indicating the manner in which Coastal has reviewed the performance of other physicians working under NHSC contracts and the manner in which other physicians have been terminated. Such evidence relates directly to Robinson's allegation that he was wrongfully terminated, insofar as it would provide Robinson with information regarding Coastal's understanding of its obligations under the NHSC program and information regarding Coastal's prior conduct with respect to other physicians under the program.

As to Coastal's confidentiality argument, the Magistrate's Order clearly indicates that any information disclosed by Coastal shall remain confidential. Thus, the Court finds that disclosure of the subject information and documents will not breach or waive any "qualified privilege of confidentiality." For these reasons, Coastal's Application for Review must be overruled.

### C. *Shanks' Motion to Dismiss*

Robinson's Second Supplemental and Amended Complaint alleges a cause of action against Shanks based upon her alleged intentional interference with Robinson's contractual relations with Coastal and with NHSC. Shanks moves for dismissal of the claim against her on two grounds: (1) the claim fails to allege any basis upon which relief can be granted; or, alternatively, (2) the statute of limitations bars the claim. The Court addresses each argument separately below.

#### 1. Does the Claim Against Shanks State Any Basis for Relief?

Shanks argues that the allegations made against her fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Shanks therefore argues that the claim against her should be dismissed on this basis. The Court disagrees, but will grant Shanks' motion based upon her statute of limitations argument, as discussed more fully below.

In his Second Supplemental and Amended Complaint, Robinson alleges that Shanks intentionally and improperly interfered with his contractual relationship with Coastal and with NHSC. However, Robinson admits that Shanks, at all times, acted in her capacity as executive director of Coastal.

■ It is well settled law in Mississippi that unless the party alleged to have interfered with a contract was a "total stranger" to the contract, that party cannot be said to have intentionally interfered with the contract. *See Columbus v. Reliance Ins. Co.*, 626 F.Supp. 1147 (S.D.Miss.1986) (adjuster and agent did not interfere with contract between carrier and insured). Shanks was not a total stranger to the contract between Coastal and Robinson. Such a conclusion is especially well-founded where, as is the case here, the individual charged with intentional interference with a contract acted as an agent of one of the contracting parties. In this instance, although Shanks was not an actual party to the Employment Contract between Coastal and Robinson, she did sign the Agreement as Executive Director of Coastal.

■ In order to state a cause of action, Plaintiff must allege more than intentional interference by Shanks with a contract to which she was a signatory. As an agent of Coastal, Shanks would not be liable for interfering with the contract, provided she did not do so in bad faith. Shanks' status as an agent of Coastal would not shield her from liability if she acted in bad faith. *Shaw v. Burchfield*, 481 So.2d 247 (Miss. 1985). In Plaintiff's last amended complaint, he sufficiently pleads a cause of action for bad faith against Shanks. However, since these alleged acts by Shanks occurred more than one year prior to the filing of the complaint, the Court rules that even such a bad faith claim against Shanks is barred by Miss.Code Ann., Section 15–1–35 (Cum.Supp.1990).

■ A close question is presented by the allegation that Shanks interfered with the contract between Robinson and NHSC. In this regard, Robinson alleges that Shanks improperly advised NHSC that Robinson had resigned his employment at Coastal, thereby subjecting Robinson to repayment liability when he apparently failed to accept a reassignment. The Court is of the opinion that Robinson's Second Supplemental and Amended Complaint sets forth a basis upon which relief might be granted for intentional interference by Shanks with the contract between Robinson and NHSC. *See Irby v. Citizens National Bank of Meridian*, 239 Miss. 64, 121 So.2d 118 (1960) (setting out elements of wrongful interference with a contract).

Shanks' alleged acts may also be characterized as actionable "menace," as Shanks herself concedes in arguing for the application of the one-year statute of limitations. However, since the acts of interference with the NHSC contract occurred more than one year prior to the filing of Robinson's complaint, the Court finds that Robinson's claim for intentional interference with his NHSC contract is also barred by Miss. Code Ann., Section 15–1–35 (Cum.Supp. 1990).

2. Does the Statute of Limitations Bar the Claim Against Shanks?

■ Shanks relies upon Miss.Code Ann., Section 15–1–35, a one-year statute of limitations, which provides in relevant part:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words ... shall be commenced within one (1) year next after the cause of such action accrued, and not after.

The wrongful acts attributed to Shanks in Robinson's complaint occurred, at the very latest, on September 15, 1988. It is undisputed that the Plaintiff's Complaint in this action was not filed until more than one year later, on November 9, 1989. Thus, Robinson's claim against Shanks is barred by the one-year statute.

Shanks asks the Court to equate the claim against her to an allegation of "menace", which is specifically set out in Section 15–1–35. Shanks advises the Court that the term "menace" connotes an intention to inflict harm by means of some gesture or

statement, precisely the type of acts attributed to Shanks in the Second Supplemental and Amended Complaint. By way of further explanation, Shanks points out that the Fifth Circuit has ruled that the tort of intentional infliction of emotional distress is barred by the one-year statute of limitations. *Guthrie v. J.C. Penney Co., Inc.,* 803 F.2d 202 (5th Cir.1986). Although intentional infliction of emotional distress is not categorized in the statute, in *Guthrie,* the Fifth Circuit concluded that since intentional infliction of emotional distress is the same *type* of intentional tort as menace, then a claim for intentional infliction of emotional distress is likewise barred by the one-year proscriptive period of Section 15–1–35. *Id.* at 211.

The Mississippi Supreme Court has also ruled that the listing of intentional torts in Section 15–1–35 was intended to be inclusive. Nevertheless, as the Supreme Court stated, "[t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in the recognized statutory category and thereby circumvent the prohibition of the statute." *Dennis v. Travelers Ins. Co.,* 234 So.2d 624, 626 (Miss.1970).

In *Dennis,* the Mississippi Supreme Court found that a letter from the defendant threatening the plaintiff with prosecution for failure to pay a civil debt constituted a "menace" barred by the one-year statute of limitations. *Id.* The conduct characterized as "menace" in the *Dennis* case is not remarkably different from Robinson's allegation here that Shanks maliciously and intentionally misinformed NHSC that Robinson had resigned his employment at Coastal. The Court is therefore of the opinion that the claim alleged against Shanks is barred by the one-year period of Section 15–1–35. As additional support for its conclusion in this regard, the Court notes that other intentional torts not specifically listed in Section 15–1–35 have been found to be barred by the statute's one year period. *See e.g., Suthoff v. Yazoo County Industrial Development Corp.,* 722 F.2d 133 (5th Cir.1983), *cert. denied,* 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984) (abuse of process claim barred by Section 15–1–35).

Based upon these authorities, the Court finds that Robinson's claim against Shanks for intentional interference with contractual relations is barred by Mississippi's one-year statute of limitations, Miss.Code Ann., Section 15–1–35 (Cum.Supp.1990). Therefore, Robinson's claim against Shanks must be dismissed as time-barred.

### D. *Conclusion*

As set forth above, the Court concludes that Coastal has not established that the claim against it entirely fails to state a claim upon which relief can be granted as to Robinson's one-year contract of employment. The Court further concludes that any claim alleging an oral four-year contract or challenging Coastal's failure to employ Robinson after his first year is barred by the applicable statute of limitations and the statute of frauds. Thus, Coastal's Motion to Dismiss or for Judgment on the Pleadings will be denied in part and granted in part. Coastal has failed to establish that the Magistrate's discovery Order was either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). Therefore, Coastal's Application for Review will be overruled. Finally, the Court concludes that the claim against Defendant Kathryn Shanks is time-barred and should therefore be dismissed. Fed.R.Civ.P. 12(b)(6).

An order consistent with this opinion will this day be entered.

### ORDER

Pursuant to a memorandum opinion this day entered,

IT IS HEREBY ORDERED AND ADJUDGED that the Motion to Dismiss of Defendant Coastal Family Health Center, Inc. is granted in part and denied in part;

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Coastal Family Health Center, Inc.'s Motion to Dismiss as to the alleged wrongful termination of the Plaintiff's one-year written contract of employment is denied.

IT IS FURTHER ORDERED AND AD-JUDGED that any claim by Plaintiff as to an alleged oral four-year contract of employment or as to Defendant Coastal Family Health Center, Inc.'s failure to employ Plaintiff after his first year of employment is hereby dismissed.

IT IS FURTHER ORDERED AND AD-JUDGED that the Application for Review of Defendant Coastal Family Health Center, Inc. is hereby overruled.

IT IS FURTHER ORDERED AND AD-JUDGED that the Motion to Dismiss of Defendant Kathryn M. Shanks is sustained and that Defendant Kathryn M. Shanks is hereby dismissed with prejudice from this action.

SO ORDERED AND ADJUDGED.